## Edsall v. Brownsville Water Co.

*E. C. Sloan,* for claimant.

*McDonald, Cray & McDonald* and *John Shaneberger,* for defendant.

CARR, J., February 12, 1942.—For an injury in the course of his employment alleged to have been sustained on March 21, 1938, claimant filed his petition with the Workmen's Compensation Board on March 14, 1940. The referee dismissed the petition on the ground that the claim was barred because not filed within one year after the accident, which limitation of claimant's right of action he held to be prescribed by The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520. The board affirmed the order of the referee, and this appeal followed.

At the time of claimant's injury, the statutory period of limitation was two years. By the terms of the Act of June 4, 1937, P. L. 1552, amending The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §602, claimant was permitted to file his petition as late as March 21, 1940. The amendatory Act of June 21, 1939, P. L. 520, which became effective 10 days after its final enactment, shortened the time for filing petitions from two years to one year after the accident, but contained the proviso that nothing in the act should affect or impair any right of action accrued before the effective date of the act (renumbered section 503, p. 564, 77 PS §1023). Claimant's right of action, having accrued more than a year before July 1, 1939, was therefore saved, and he is entitled to have his petition considered.

In its opinion the board cited and relied on the case of Seneca v. Yale & Towne Mfg. Co. et al., 142 Pa. Superior Ct. 470, where it was held that the extension

from one year to two years of the time for filing petitions for compensation, as provided in the Act of 1937, was procedural only, since it did not disturb any vested rights of defendant or impair contractual obligations and therefore was applicable to causes of action which arose before the effective date of the act and had not already been barred under the then existing legislation. From the proposition that there is no vested right in the running of the statute of limitations unless it has completely run and barred the action, it is entirely correct to conclude, as the board did, that as to existing causes of action that are not barred the statute may be amended either by lengthening (as in the Act of 1937) or shortening (as in the Act of 1939) the time for bringing suit, provided in the latter case that a reasonable time is left in which such actions may be commenced. Where the board fell into error was in its interpretation of the proviso saving rights of action accrued before the effective date of the amendatory act, the language of which is as follows:

"Nothing in this act shall affect or impair any right of action which shall have accrued before this act shall take effect."

Apparently because an identical provision in the Act of 1937 was not applied in the Seneca case so as to exclude from the operation of that act a right of action previously accrued, the board incorrectly assumed that the right of action here involved should not be excluded from the operation of the Act of 1939. But the language of the proviso does not exclude absolutely from the operation of the act all rights of action accrued before its effective date; the exclusion is conditional upon the affection or impairment of such rights of action. Obviously claimant's right of action in the Seneca case was not impaired by an extension of the time within which it might be commenced; nor was it affected thereby, taking the word "affect" in the sense of prejudice or injuriously affect, as we do in this context since this in-

terpretation accords with the reason and manifest intent of the law: Ryan et al. v. Carter et al., 93 U. S. 78. On the other hand, the present claimant's right of action clearly would be injuriously affected and impaired by shortening the time within which it might be commenced. Were the proviso not intended to qualify or restrain the generality of the act, it would be a nullity: Ihmsen v. The Monongahela Navigation Co., 32 Pa. 153; Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

### Order

And now, February 12, 1942, upon consideration of the foregoing case, appellant's exceptions to the referee's second conclusion of law and the board's affirmance thereof are sustained, the action of the board in dismissing claimant's appeal is reversed, and the record is remanded to the board for further proceedings not inconsistent with this opinion.