# March v. Philadelphia & West Chester Traction Co., Appellant.

*Statutes—Construction—Act of April 9, 1925, P. L. 221—New trial—Appeals—Judgment n. o. v.*

1. A statute should be so interpreted that it will accord, as nearly as may be, with the theretofore existing course of the common law.

2. The Act of April 9, 1925, P. L. 221, does not impair or destroy the immemorial right of a trial court to grant a new trial, whenever, in its opinion, the justice of the particular case so requires. Nor does it change the established practice of the appellate courts on appeal in such matters. It simply gives to the party whose motion for judgment non obstante veredicto has been dismissed, the right to have the action of the court below reviewed by the appellate courts.

*Appeals—Dismissal of rule for judgment n. o. v.—New trial—Act of April 9, 1925, P. L. 221—Consideration of testimony—Discretion of court—Abuse.*

3. In reviewing an appeal from an order of the court below, in cases where it has dismissed a motion for judgment non obstante

*veredicto*, but has awarded a new trial, the appellate courts will affirm unless the granting of the new trial was a clear abuse of discretion.

4. In such case an appellate court is not required to consider the testimony in the case, as on an appeal from the entry of a judgment; the testimony will only be considered as to its legal effect in some isolated and all-controlling particulars wherein its verity is admitted.

5. The appellate courts will not decide that the court below abused its discretion in granting a new trial, if the correctness of its conclusion depends on the weight to be given to the testimony of witnesses whom the trial judge saw and heard.

6. The instances must be few where the appellate courts will give much weight to a mere defect or inadequacy of the pleadings, on an appeal alleging that the court below abused its discretion in granting a new trial; the demands of justice may well require that a new trial be granted, in order that the pleadings may be amended, and the new and vital issue, thus raised, duly determined.

Argued January 12, 1926. Appeal, No. 92, Jan. T., 1926, by defendant, from order of C. P. Chester Co., Jan. T., 1925, No. 21, refusing motion of defendant for judgment n. o. v., in case of Lafayette March v. Philadelphia & West Chester Traction Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Trespass for negligence.

Motion for judgment for defendant n. o. v., and for new trial. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

Motion for judgment dismissed; new trial granted. Defendant appealed.

*Error assigned* was, inter alia, order dismissing motion for judgment n. o. v., quoting record.

*A. M. Holding,* of *Holding & Harvey,* for appellant.

*Truman D. Wade,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 1, 1926:

In an action of trespass for negligence, plaintiff recovered a verdict, defendant moved for judgment non obstante veredicto, the court below dismissed the motion and granted a new trial, whereupon defendant took this appeal, assigning the discharge of its motion as error. Its right to appeal admittedly depends on the Act of April 9, 1925, P. L. 221, and our preliminary questions are, therefore: What is the meaning of the statute, and what rules should be applied in deciding appeals under it? We have repeatedly said, and it is especially applicable in the instant case, that "a statute should be so interpreted that it will accord, as nearly as may be, with the theretofore existing course of the common law": Merrick v. DuPont, 285 Pa. 368; Kates's Est., 282 Pa. 417; Jessup & Moore Paper Co. v. Bryant Paper Co., 283 Pa. 434.

Before any of the non obstante veredicto acts were passed, a trial judge could reserve any controlling question of law, and later enter an appropriate judgment on it. This practice was not a favorite of the common law, however, and attempts to exercise it, frequently, if not generally, resulted in the setting aside of the reservation and all proceedings under it, often for some unimportant technical reason. If a judgment was entered, it was final, and the losing party had a right to appeal from it; but the trial judge was not required to reserve a point, nor, if he did, to enter judgment on it; and no appeal would lie from the action or nonaction of the court unless a final judgment was entered.

By the Act of April 22, 1905, P. L. 286, a long step forward was taken. Under it, if the court reserved or declined a point for binding instructions, and the verdict was against the party presenting it, he might move for judgment non obstante veredicto on the whole record, and the court was bound to enter or refuse to enter the judgment sought, or to grant a new trial. If judgment was refused and a new trial granted, the party who had

obtained the verdict still had his common law right of
appeal, and would succeed if he could show a clear abuse
of discretion; but the act only requires the court to cer-
tify the record, to enter judgment on the motion and to
allow an exception to its ruling, in case "it does not
grant a new trial."

By the Act of April 20, 1911, P. L. 70, the party pre-
senting such a point, which was reserved or declined,
could move for judgment on the whole record, even
though the jury had disagreed. Here, also, the certifica-
tion of the record, the entry of judgment and the grant-
ing of an exception, are not required where the court
"shall be of opinion that the case should be retried."

This was the situation when the Act of 1925 was passed.
It reënacted the Act of 1905, and stated "that it shall be
the duty of the court having directed such new trial, to
so certify the evidence, and to grant an exception to the
party whose motion for judgment non obstante veredicto
has been declined," and, after giving the right of appeal
to such party, directed that "The Supreme or Superior
Court shall review the action of the court below, and
shall enter such judgment for either party as shall be
warranted by the evidence taken in that court, or shall
affirm the action of that court in granting a new trial."
It will be observed that the statute does not attempt to
deprive the court below of its immemorial right to
grant a new trial, whenever, in its opinion, the justice
of the particular case so requires. It is more than
doubtful whether the legislature could impair or destroy
that wise provision; it has not tried to do so, however,
but only requires the record to be put in shape for re-
view, if a new trial is granted. If it is granted, the
pending motion for judgment non obstante veredicto
necessarily falls, for a new trial and a judgment cannot
be in effect at the same time in the same case. It follows
that if the court below did not abuse its discretion in
granting a new trial, it could not have erred in making
the necessarily resultant order refusing judgment non

obstante veredicto; and, hence, in that event, we cannot reverse because it did so order.

Nor does the act attempt to change our established practice where an appeal is taken in such cases. Our right to affirm the order granting a new trial is expressly provided for, and it necessarily follows, for the reason above stated, that, if we approve of the order thus made, the appeal from the refusal of judgment non obstante veredicto must be dismissed. In other words, we cannot reverse and enter judgment for appellant, unless we are convinced the court below abused its discretion in awarding a new trial. This conclusion is in accord with the principle of interpretation quoted in the first paragraph of this opinion, and no other would be. What the statute does, and wisely does, is to make impossible the discrimination which the Act of 1905 made possible; for it places each of the litigants on the same plane, and gives to each the right, which the court below can no longer control, to have its exercise of discretion reviewed by us.

Our final inquiry is, therefore: Did the court abuse its discretion by granting a new trial in the instant case? We can best meet this question by first quoting the applicable rules as set forth in Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 533, where, after a careful review of many of the preceding authorities, we said: "It may be stated generally, therefore, that this court will not review an order granting a new trial, unless the whole controversy may be ended by a determination of the constitutionality, applicability, construction or effect of a statute, or other matter of writing, which, so far as the case in hand is concerned, could not possibly be controlled or affected by evidence aliunde the writing itself, and in such instances the record must not only plainly show the point in question but its governing force; or, unless it clearly appears the court below, in ordering the new trial, either asserted a power which, under the attending circumstances, it did not possess,

or its action was controlled by a point of law, the decision of which, one way or the other, would govern the case, to the exclusion of all other considerations; or, unless the court states it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case, and then we will review the reasons given only when they do not involve the consideration of oral evidence further than as noted in the preceding paragraph [that is, "testimony is not to be passed on by us, unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted"]; finally, whenever the reason or reasons assigned involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears."

These conclusions were approved in Republic Mortgage Co. v. Irwin, 278 Pa. 124; Babbitt v. Jackson, 279 Pa. 480; Reist v. Wogan, 281 Pa. 107; Pera v. Harrisburg Railways Co., 281 Pa. 203; Weiss v. London Guarantee & Accident Co., Ltd., 282 Pa. 127; Simmons-Boardman Publishing Co. v. American Boron Products Co., 282 Pa. 521; and Feite v. Goll, 285 Pa. 151. Each and all of the authorities cited on this point, exclude the idea, which defendant by its argument seems to assert, that we should, in this class of appeals, review the pleadings and all the evidence, for the purpose of determining whether or not a judgment should have been entered, as moved for, if the court below had not exercised its discretion in granting a new trial. Especially is this contention incorrect, where, as here, all the evidence is oral; in such cases the trial judge, who saw and heard the witnesses, is far better able to decide what weight should be given to their testimony, and hence as to what is the proper course to be pursued, than an appellate court, not so favored, can possibly be: Clarkson v. Crawford, 285 Pa. 299. Moreover, the instances must be few, where a mere defect or inadequacy of the pleadings will be given much weight in such a proceeding, for the de-

mands of justice may well require that a new trial should be granted, in order that the pleadings may be amended, and the new and vital issue, thus raised, duly determine.

What we have said above compels us to affirm the order of the court below, since, in order to even consider the question of reversal, we would have to make a careful study of all the evidence in the case, which, for the reasons stated, we are not required to do. Our failure to do so must not be construed, however, as a disagreement with the conclusion reached by the court below; we simply do not pass on that question.

The order of the court below is affirmed.