# Baranowski et al. *v.* Lackawanna & Wyoming Valley R. R. Co., Appellant.

*Appeals—New trial—Judgment n. o. v.—Evidence—Negligence.*

1. Where a defendant against whom a verdict is rendered in a negligence case moves for a new trial and for judgment n. o. v., and the court grants a new trial, but refuses judgment n. o. v., the defendant, on appeal, cannot demand that the appellate court shall make any such extensive examination of the evidence, to show that defendant was not guilty of negligence, as could be expected were it an appeal from judgment on the verdict.

2. The Act of April 9, 1925, P. L. 221, does not change the established practice on appeals from orders granting new trials.

Argued January 25, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeals, Nos., 102 and 106, Jan. T., 1927, by defendant, from action of C. P. Lackawanna Co., Oct. T., 1923, No. 768, discharging rule for judgment for defendant n. o. v. and making absolute rule by defendant for new trial, in case of Charles Baranowski, a minor, by Joseph Baranowski, his father and next friend, and Joseph Baranowski, in his own right, v. Lackawanna & Wyoming Valley Railroad. Affirmed.

Trespass for personal injuries. Before CULVER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdicts for $20,000 for Charles Baranowski and for $5,000 for Joseph Baranowski. Rule for judgment for defendant n. o. v. discharged and new trial was granted. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., and granting new trial, quoting record.

*William J. Fitzgerald* and *Joseph O'Brien,* for appellant.

*James J. Powell,* with him *David J. Reedy,* for appellee.

PER CURIAM, March 14, 1927:

In this action to recover damages for personal injuries to the minor plaintiff, caused by the alleged negligence of the defendant company, defendant moved for a new trial and judgment n. o. v.; the first motion was granted by the court below and the second was refused. Notwithstanding the fact that defendant asked for a new trial, we now have before us a complaint that error was committed in granting this motion; appellant contends the court erred in not entering judgment in its favor, because, it argues, the evidence relied on by plaintiffs failed to show defendant guilty of negligence, and the court below should have so ruled instead of granting a new trial.

If this case was upon appeals from judgments in plaintiffs' favor, we might be impressed by the points made in the argument of defendant's counsel, but on appeals from an order granting a new trial, ever since the Act of April 9, 1925, P. L. 221, our review is greatly restricted and we will not make any such extensive examination of the evidence as would be required to determine properly appellant's contentions: see Pringle v. Smith, 286 Pa. 152.

The orders appealed from are affirmed.