# Regan *v.* Davis, Appellant.

*Appeals—New trial—Grant of new trial.*

1. Where the defendant in a negligence case moves for judgment n. o. v., and for a new trial, and the court refuses the judgment n. o. v., but grants a new trial, an appeal may be taken by defendant under the Act of April 9, 1925, P. L. 221, but its determination is controlled by the rules which govern appeals from orders that simply grant a new trial.

2. Such orders are not reviewable unless the court below makes it clearly appear that the reasons particularly set forth in its opinion are the only ones which moved it to award the new trial.

3. The mere fact of the discussion of only one reason for granting the new trial does not necessarily determine that it was the exclusive cause which moved the court to order that relief; particularly is this so where the opinion states broadly that "justice" and "equity" require a new trial and the record contains matter which sustain this statement.

*Negligence—Death—Action by widow — Doctor's bill — Acts of April 15, 1851, P. L. 674, and May 13, 1927, P. L. 992—Prospective legislation.*

4. Where a widow brings an action for the death of her husband under the Act of April 15, 1851, P. L. 674, she cannot recover the amount of a doctor's bill rendered for services to her husband, where she had not personally incurred the bill, was not liable for it, and had not paid it.

5. The Act of 1851, created a new and distinct right of action in the widow, to recover for the death of the husband, occasioned by negligence; it was not a right to succeed to causes of action theretofore existing in the deceased. Since the purpose of the act was to permit recovery "for the death" only items of damage attributed to that cause can be sued for.

6. The Act of May 13, 1927, P. L. 992, permitting recovery for medical and other expenses incurred for the deceased, is not retrospective and does not affect cases where the right of action had accrued before the date of the act.

Argued May 17, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 72, March T., 1926, by defendant, from order of C. P. Beaver Co., March T., 1924, No. 272, dismissing motion for judgment n. o. v. and directing new trial, in case of Catherine Regan, widow of John Regan *v.* Claude E. Davis. Affirmed.

Motion for judgment for defendant n. o. v. and for new trial. Before McConnell, P. J.

The opinion of the Supreme Court states the facts.

Motion for judgment dismissed and for new trial granted. Defendant appealed.

*Error assigned* was order, quoting record.

*Thompson Bradshaw,* of *Hice, Morrison, May & Bradshaw,* for appellant.—There is no right of action in the widow for the recovery of the doctor's bill, separate from a recovery for the death, and hence, there can be no recovery thereof at a retrial: Birch v. Rys., 165 Pa. 339.

There is no right of action in a widow except what is created by section 19 of the Act of April 15, 1851, P. L. 674, and the Amending Act of April 15, 1855, P. L. 309.

This appeal is within the rules laid down in March v. Phila. & W. C. Tr. Co., 285 Pa. 413, and Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530.

*Lawrence M. Sebring* and *A. G. Helbling,* for appellee, submitted their brief.—The mere fact that the lower court refers to only one question or single point in the case does not of itself exclude the inference that the point thus accentuated controlled the entry of the order: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Simmons-Boardman Pub. Co. v. Products Co., 282 Pa. 521; Feite v. Goll, 285 Pa. 151; Cleveland Worsted Mill Co. v. Myers-Jolesch Co., 266 Pa. 309.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 25, 1927:

John Regan was struck by an automobile which defendant was driving, and, about two weeks later, died; plaintiff, widow of deceased, brought this action to recover for his death, alleging it to have been the result of defendant's negligence. A verdict was rendered in favor of plaintiff; defendant moved for judgment n. o. v., and also for a new trial; the court below dismissed the first motion but sustained the second, and, in doing so, said, "We have satisfied ourselves that, under the evidence submitted at the trial......defendant could not be held liable [in damages] for the death of John Regan...... There is, however, proof......of a doctor's bill...... which was incurred by reason of the injuries sustained by the said John Regan, and for which the defendant might be held responsible." Finally, the court states: "The only way in which we can dispose of this case justly and equitably is......to allow a new trial." Defendant has appealed. He complains of the refusal of his motion for judgment n. o. v. and also because the court below granted a new trial; though, as a matter of fact, he prayed the latter relief, and this he was not obliged to do under the act to which we are about to refer.

An appeal by one in the present defendant's position, from a comprehensive order such as entered in this case, is authorized by the Act of 1925, P. L. 221, but its determination is controlled by the rules governing appeals from orders which simply grant a new trial (March v. Phila. & W. C. Tract. Co., 285 Pa. 413; Pringle v. Smith, 286 Pa. 152); and we have decided that such orders are not reviewable unless the court below makes it clearly appear that the reasons particularly set forth in its opinion are the only ones which moved it to award the new trial (Feite v. Goll, 285 Pa. 151; March v. Phila. & W. C. Tract. Co., supra, 418; Crossman v. Bessemer & L. E. R. R. Co., 289 Pa. 169, 170; Jones v. Penna. R. R. Co.,

289 Pa. 424; under no other circumstances will we review the exercise of the broad discretion vested in trial courts to grant new trials.

Defendant contends that the opinion of the court below shows the presence of the doctor's bill as the sole reason for allowing a new trial, and he argues that this is an insufficient ground, because plaintiff is not legally entitled to recover such an item. True, the opinion of the court below fails to recite any other specific reason for granting the new trial, but it does not exclude the possibility of the existence of other reasons. On the contrary, the opinion, by stating that "justice" and "equity" require a new trial, suggests that more than the particular reason which we have mentioned must have impelled the court to enter the order now complained of; and we have heretofore decided that the mere fact of the discussion of only one reason does not necessarily determine that it was the exclusive cause which moved the court to enter a new trial: Class & Nachod Co. v. Giacobello, 277 Pa. 530, 537. As before said, the opinion in this case states that the evidence "submitted at the trial" did not show defendant liable for the death of plaintiff's husband; by this is evidently meant that the testimony of the doctors called by plaintiff does not measure up to the requirements of the rule, recently enunciated by us, as governing expert testimony, to the effect that such witnesses must definitely say that in their professional opinion the result alleged is due to the cause assigned; but a reading of the record rather suggests that the fault in this respect was largely due to the form of the questions put to the medical experts, which probably explains why the court indicated that justice and equity moved it to grant the new trial. Under the circumstances, we shall not disturb the order to that effect: see Grossman v. Bessemer & L. E. R. R. Co., 289 Pa. 169.

What we have said to this point is sufficient to dispose of the present appeal, but, since the case has been or-

dered for retrial, it seems wise to consider the question raised by defendant concerning the right of plaintiff to recover the amount of the doctor's bill, for services rendered to the deceased as a result of the accident.

Plaintiff's right to maintain an action for the death of her husband rests upon the provisions of section 19 of the Act of 1851, P. L. 674, which reads as follows: "Whenever death shall be occasioned by unlawful violence or negligence and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased......may maintain an action for and recover damages for the death thus occasioned." We have held that under this act there can be recovery only for pecuniary loss sustained by those whom it authorizes to sue: Burns v. Penna. R. R. Co., 219 Pa. 225, 228, and cases next cited. Pain, suffering and other injuries endured by the deceased are not items of damage in such a suit, for they do not enter into the pecuniary loss sustained by those entitled to sue (Mansfield Coal Co. v. McEnery, 91 Pa. 186, 189; McHugh v. Schlosser, 159 Pa. 480, 486; see also Pa. R. R. v. Butler, 57 Pa. 335, 338, decided under Act of April 26, 1855, P. L. 309) ; neither is a bill, not incurred by plaintiff, for medical services rendered the deceased such an item of damage. The present doctor's bill has not been paid by plaintiff and there is nothing on the record to show that she is liable for it; therefore the amount cannot be recovered by her in this proceeding.

Since, however, it has been suggested that plaintiff's right of action is for any damages which the deceased might have recovered if living, and as there is no doubt that he could have recovered the cost of medical care, made necessary by defendant's negligence, even though the bill had not yet been paid, we shall consider the question of plaintiff's right in the premises from a broader aspect.

At common law no action or cause of action survived the death of the plaintiff. This rule has been largely de-

parted from in modern times by statutes providing for such survival; but, under Strain v. Kern, 277 Pa. 209, 212, it is settled that these acts, altering the common law, are "not to be extended beyond their obvious import," and we find no Pennsylvania statute in respect to the survival of causes of action for personal torts, or concerning the damages that may be recovered, which confers on one in the position of present plaintiff the right to recover for an item that represents no pecuniary loss directly suffered by her.

The Act of 1851 created a new and distinct right of action in the widow, to recover for the death of her husband, occasioned by negligence; it was not a right to succeed to causes of action theretofore existing in the deceased: ·McCafferty v. Penna. R. R. Co., 193 Pa. 339, 345, 346; Black v. B. & O. Ry. Co., 224 Pa. 519, 522; see also Pa. R. R. Co. v. Henderson, 51 Pa. 315, 323, on general subject involved. Since the purpose of the act is to permit recovery "for the death," only items of damage attributable to that cause can be sued for, and in this case it can be said that the doctor's bill was a charge resulting from Regan's death: Sedgwick on Damages (9th ed.), section 573.

The Pennsylvania authorities, which hold that after a death of an injured person there can be a recovery for medical services, are all instances where the suit was instituted by parents for the death of a minor child. Those cases stand on a different footing from this one, because there is a legal obligation on the parents to provide medical services for their offspring; whereas, as we have pointed out above, the present plaintiff was under no such obligation.

Since this case was argued, the legislature has passed the Act of May 13, 1927, P. L. 992 (Act No. 480), which permits persons entitled to maintain such an action as the one now before us, to recover, "in addition to the damages now recoverable in such actions, the expenses incurred for medical and surgical care and for nursing

of the deceased, and such other expenses caused by the injury which resulted in death, as could have been recovered in an action begun by the injured person in his lifetime; and also the reasonable funeral expenses of the deceased, if plaintiff has paid or incurred such expenses." This, however, cannot affect the present case, as the right of action had accrued and the suit was pending when the above statute was passed; such a statute so far as it confers new substantive rights must be construed so as to operate prospectively, and not retrospectively (Lewis v. Penna. R. R. Co., 220 Pa. 317, 322-24), and even where substantive rights are unaffected, a statute like the one before us cannot be held to work retrospectively, unless a legislative intent that it shall do so is clearly shown: Ogle v. Somerset, etc. Turnpike Co., 13 S. & R. 256, 257; Ihmsen v. Monongahela Nav. Co., 32 Pa. 153, 156; Horn & Brannen Co. v. Steelman, 215 Pa. 187, 191; Phila., B. & W. R. Co. v. Quaker City Flour Mills Co., 282 Pa. 362, 366; Merrick v. DuPont, 285 Pa. 368, 371. There is no language in the present act which indicates that it was intended to be retroactive; it is to be effective where persons *"shall bring an action,"* etc., thus indicating that it is prospective (Ihmsen v. Monongahela Nav. Co., supra); it creates new rights and liabilities, and consequently, is not to be applied retroactively: Horn & Brannen Co. v. Steelman, supra; Lewis v. Penna. R. R. Co., supra. Our purpose in discussing the effect of this new legislation is to show that it has not been overlooked.

Although of opinion that plaintiff cannot recover the amount of the doctor's bill, yet, for the reasons stated in the first part of this opinion,

The order appealed from is affirmed.