## Lorenzo v. Rinn et al., Appellants.

*Trials—New trials—Discretion of court—Remarks by party in interest in presence of jurors during recess.*

In an action of assumpsit to recover for medical and surgical services rendered a decedent, a recess was ordered during the trial of the case. During the recess one of the defendants remarked, in the presence of several jurors, "I suppose I am not allowed to smile at you ladies; it is hard to set back and listen to those lies, but when we produce our checks the case will look differently." The defendant, who made the remark, was present when the trial court cautioned the parties in interest not to discuss the case during the recess in the presence or hearing of any of the jurors. The evidence was conflicting as to whether plaintiff knew of the remark before a verdict was rendered.

In such a case the trial court did not abuse its discretion in granting a new trial.

Argued November 21, 1927. Appeal No. 534, April T., 1928, by defendants from order of C. P., Jefferson County, January T., 1926, No. 87, in the case of Dr. F. A. Lorenzo v. Anna M. Rinn, Mary Rinn Dawson, Margaret Rinn Winslow and Pauline Rinn Ritter, now O'Brien, Executors of the Last Will and Testament of S. A. Rinn, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover for medical and surgical services rendered by plaintiff. Before CHASE, P. J., 46th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000. Subsequently the court, upon motion of plaintiff, granted a new trial. Defendants appealed.

*Error assigned* was the order of the court.

*W. C. Pentz,* and with him *John J. Pentz, Ross H. Pentz* and *W. W. Winslow,* for appellants.

*Charles J. Margiotti,* and with him. *W. M. Gillespie* and *S. C. Pugliese,* for appellee.

OPINION BY LINN, J., March 2, 1928:

A physician sued his patient's executors for his bill—$5,564—and got a verdict for $1,000. The executors now complain that a new trial was granted. The reason for ordering a new trial is thus stated by the trial judge: "That during the process of this trial it was necessary to take a recess in order to permit counsel for the plaintiff to draw up a hypothetical question to submit to various witnesses; that during the time this was being done the jury was in recess. There were several of the lady jurors who were in the ladies' restroom while this recess was taking place, and while in this rest room Pauline Rinn Ritter, now O.'Brien, one of the defendants, came into the rest room and in the presence of said jurors made the remark, 'I suppose I am not allowed to smile at you ladies; it is hard to set back and listen to those lies, but when we produce our checks the case will look differently.' " The judge also states that the defendant who made the remark was present in court at the time when he cautioned the parties in interest that they must not discuss the case in the presence or hearing of any of the jurors, and also cautioned the jury that they must not permit anyone to discuss the case with them. He also states: "We cannot yield to any other conclusion than that those jurors who were the recipients of this outburst may have been influenced, possibly unconsciously, by reason of the statements of this defendant ...... Therefore, we feel that justice and right demands that a new trial be granted in this cause ......"

Nothing can be added to the discussion contained in Class & Nachod B. Co. v. Giacobello, 277 Pa. 530, 538, and in March v. P. & W. Traction Co., 285 Pa. 418, of the considerations which prevail in disposing of appeals from orders granting new trials, though it

may be desirable to quote from the former: "Thus it will be seen the scope of an appeal from the grant of a new trial is very limited, so far as the considerations which may prevail are concerned, and that, in this class of appeals, we seldom reverse."

To bring this appeal within that small group, counsel for appellant contends that there was an abuse of judicial discretion in awarding the new trial for the reason stated by the trial judge, and to support his position he urges that the episode in question was known to plaintiff's counsel before the trial concluded. The evidence taken on the subject shows that there is some dispute whether plaintiff's counsel knew of it before verdict or not. In view of that dispute, this court is not inclined to substitute its judgment for that of the trial judge as to the fact, for he was in a better position to determine it than we are. That conclusion leaves no basis for appellant's position that the reasonable limits of judicial discretion were passed by granting a new trial

Judgment affirmed.