# Fertax Co. *v.* Spiegelman et al., Appellants.

# Fertax Co. *v.* Spiegelman, Appellant.

# Fertax Co. *v.* Siman, Appellant.

*Appeals—New trials—Granting new trials—Discretion of court.*
Where a court below has dismissed a motion for judgment n. o. v., but has awarded a new trial saying, "the interests of right and justice require that the case shall be retried," the appellate court will affirm the order granting a new trial, unless there is made to appear a clear abuse of discretion by the lower court.

Argued January 24, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeals, Nos. 83 and 84, 117, 118, Jan. T., 1928, by defendants, from orders of C. P. Montgomery Co., Sept. T., 1926, No. 81 and 82, granting new trial, in cases of the Fertax Co. v. Simon Spiegelman and the Fertax Co. v. Israel J. Siman. Affirmed.

Assumpsit on promissory notes.
Rules for new trials. Before Williams, P. J.
The opinion of the Supreme Court states the facts.
Rules absolute. Defendants appealed.

*Errors assigned* were orders, quoting record.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra* and *Samuel H. High,* for appellants.

*Lambert Ott, Jr.,* with him *W. F. Dannehower, Jr.,* for appellee.

Per Curiam, January 30, 1928:
These four appeals involve two actions of assumpsit instituted by the same plaintiff against two different

140 FERTAX CO. *v.* SPIEGELMAN et al., Appellants.

defendants, wherein the jury rendered verdicts for both of the latter. Plaintiff filed motions in each case for judgment non obstante veredicto and for a new trial. The court below refused the motions for judgment n. o. v., and plaintiff has taken appeals from the orders to that effect; it granted the motions for a new trial, and each defendant has appealed from these orders. All of the appeals will be disposed of together.

In its opinion in support of the orders appealed from, the court below, after reviewing the facts attending the execution of the notes in suit and the defense thereto, states that "the interests of right and justice require that the cases shall be retried." Under such circumstances, we do not interfere on appeal. These cases, as to both sets of appeals, fall within the rules stated by us in March v. Philadelphia & West Chester Traction Co., 285 Pa. 413; Pringle v. Smith, 286 Pa. 152, 154; Baranowski v. Lackawanna & W. V. R. R. Co., 288 Pa. 461, 462; Jones v. Penna. R. R. Co., 289 Pa. 424, 425-426; Regan v. Davis, 290 Pa. 167, 169, 170.

The orders under review are affirmed.