# Pawlowski, Appellant, *v.* Sczehowicz, Appellant.

*Appeals — Judgment n. o. v. — New trial—Reasons controlling case—Act of April 9, 1925, P. L. 221—Discretion of court.*

1. The Act of April 9, 1925, P. L. 221, authorizing appeals when the court declines to enter judgment n. o. v., does not impair or destroy the immemorial right of a court of first instance to grant a new trial, whenever, in its opinion the justice of the particular case so requires, nor does it change the established practice of the appellate courts on appeals in such matters.

2. In reviewing an appeal from an order of the court below in cases where it has dismissed a motion for judgment n. o. v., but has awarded a new trial, the appellate court will affirm unless the granting of the new trial was a clear abuse of discretion.

3. Even where the court below indicates reasons for granting a new trial, unless the record also contains a definite statement that the order to that effect rests on a reason given which controls the case, the appellate court will not interfere with the court's exercise of discretion.

*Appeals—Rule 58 of Supreme Court—Request to court below to file opinion—Waiver of rule.*

4. Where an applicant fails to serve notice on a trial judge of his appeal, and of the reasons therefor, as provided by Rule 58 of the Supreme Court, such failure will be considered as a waiver of all objections to the order made.

5. In such case the appellate court will assume that the order complained of presents a proper exercise of discretion, and will not reverse because the court below did not file an opinion stating the ground of its action.

Argued May 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 209 and 212, Jan. T., 1928, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1927, No. 1459, overruling motion for judgment n. o. v. for full amount of claim and from order granting defendant's motion for new trial, and by defendant for refusal of judgment n. o. v., in case of Hedwig Pawlowski, adminis-

tratrix of Adam Pawlowski, deceased, v. Franciszka
Sczehowicz.   Affirmed.

Assumpsit to recover amounts of insurance policies.
Before TAULANE, J.

The opinion of the Supreme Court states the facts.

Judgment on verdict for plaintiff for less than amount
of claim.   Both plaintiff and defendant appealed.

*Errors assigned* by plaintiff were orders refusing mo-
tion for judgment n. o. v. and granting new trial, quot-
ing record.

*Error assigned* by defendant was order refusing judg-
ment n. o. v. quoting record.

*William S. Fenerty,* for appellant and appellee.

*Clinton A. Sowers,* with him *Matthew Randall,* for
appellant and appellee.

PER CURIAM, June 30, 1928:

Hedwig Pawlowski, administratrix of the estate of her
husband, Adam Pawlowski, deceased, instituted this ac-
tion against Franciszka Schzehowicz, aunt of decedent,
to recover $4,082, the proceeds of certain insurance poli-
cies, which Adam Pawlowski had assigned to defendant.
A verdict was rendered in plaintiff's favor, but for less
than the amount claimed.   Plaintiff filed a motion for
judgment n. o. v., to obtain the full amount of his claim;
defendant filed motions for judgment n. o. v. and for new
trial.   The court below dismissed both motions for judg-
ment n. o. v., and, without filing an opinion, awarded a
new trial on defendant's motion to that effect.   Plaintiff
has appealed from the refusal to give her judgment in
full n. o. v., and from the order granting a new trial;
defendant has appealed from the refusal of her motion
for judgment n. o. v.

We recently held that, "The Act of April 9, 1925, P. L. 221, authorizing appeals when the court declines to enter judgment n. o. v., does not impair or destroy the immemorial right of a court of first instance "to grant a new trial, whenever, in its opinion, the justice of the particular case so requires, nor does it change the established practice of the appellate courts on appeal in such matters"; and that, "In reviewing an appeal from an order of the court below, in cases where it has dismissed a motion for judgment non obstante veredicto, but has awarded a new trial, the appellate courts will affirm unless the granting of the new trial was a clear abuse of discretion: March v. Phila. & W. C. T. Co., 285 Pa. 413 (syllabus 2, 3) ; Regan v. Davis, supra; see also Fertax Co. v. Spiegelman, 292 Pa. 139. Moreover, even where the court below indicates reasons for granting a new trial, unless the record also contains a definite statement that the order to that effect rests on a reason given, which controls the case, we will not interfere with the court's exercise of discretion: Regan v. Davis, 290 Pa. 167, 169; Grossman v. Bessemer & Lake Erie R. R., 289 Pa. 169, 170; Feite v. Goll, 285 Pa. 151, 152 and cases there cited. Here there is nothing upon the record to indicate why the court below entered the order assigned as error, so we cannot say a mistake of law or an abuse of discretion has been shown.

Appellants failed to take advantage of Rule 58 of this court, which provides that, "upon entering his appeal, appellant shall serve notice......on the judge who made ......any order......of which appellant complains and the reasons for which do not already appear of record. A failure to comply with this rule and promptly to serve notice on the court below, with a concise statement of the matters complained of and regarding which it is alleged the reasons therefor do not appear of record, may be considered as a waiver of all objections to the...... order......in question. On receipt of the notice here required,......the court below shall forthwith file of

record at least a brief statement, in the form of an opinion, of the reasons for the......order......or shall specify in writing the place in the record where such reasons may be found, and this opinion or writing shall be attached to the record and printed as part thereof." The present case comes before us without an opinion, and we have no way of determining upon what grounds the court below entered its order. In such instances, appellants not having employed the means provided for their relief, we must assume that the order complained of presents a proper exercise of discretion: Chartiers Valley B. & L. Assn. v. Ende, 281 Pa. 396, 398.

The orders appealed from are affirmed.