Trimble *v.* Mennel Milling Company, Appellant.

Argued October 4, 1933.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Clarence A. Patterson,* with him *J. Clyde Gilfillan,* of *Gilfillan & Patterson,* for appellant.

*Aiken & Braham, William D. Cobau* and *J. Glenn Berry,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 27, 1933:

John M. Trimble died November 14, 1930. His widow sued the Mennel Milling Company, appellant, to recover damages, alleging her husband's death resulted from an automobile collision, January 28, 1930, between the car in which deceased was riding and that driven by an employee of defendant. The jury rendered a verdict for plaintiff. Defendant, having submitted motions for new trial and for judgment non obstante veredicto, now complains of the action of the lower court in granting a new trial and discharging the motion for judgment n. o. v. Although plaintiff has taken no separate appeal, nevertheless, as appellee, she argues that the court below fell into error in awarding a new trial and urges that judgment be entered in her favor on the verdict.

An appeal in this class of cases is entertained by this court pursuant to the provisions of the Act of April 9, 1925, P. L. 221. With the exception of Clarkson v. Crawford, 285 Pa. 299, in which the appeals were quashed for procedural defects, the first case to come before us under this legislation was March v. Phila. & West Chester Traction Co., 285 Pa. 413. The effect of the act, so far as it concerned the limits of our review of appeals arising thereunder, was then fully considered and stated. We deem it unnecessary to repeat in detail what was said at that time, but the substance of our decision was that the Act of 1925, supra, has not changed our established practice on appeals from the award of a new trial. "In other words, we cannot reverse and enter judgment for appellant, unless we are convinced the court below abused its discretion in awarding a new trial": March v. Phila. & West Chester Traction Co., supra, page 417. Subsequent cases, without exception, have followed the rule there laid down. See Pringle v. Smith, 286 Pa. 152;

Baranowski v. Lackawanna & Wyoming Valley R. R. Co., 288 Pa. 461; Regan v. Davis, 290 Pa. 167; Fertax v. Spiegelman, 292 Pa. 139; Pawlowski v. Sczehowicz, 293 Pa. 548.

In support of its order granting defendant's motion for new trial, the opinion of the learned court below says: "We have concluded that there was error in permitting plaintiff's witnesses to answer the hypothetical question as it was answered and that for this reason a new trial should be granted." We need not consider whether this reason was sufficient in itself to warrant the action complained of, for there may have been other grounds which influenced the court and we have frequently said that the mention of only one reason for awarding a new trial does not preclude the possibility of the existence of others and is not sufficient reason for granting a reversal: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Grossman v. Bessemer & Lake Erie R. R., 289 Pa. 169.

Nor does this conclusion conflict with our decision in Fornelli v. P. R. R. Co., 309 Pa. 365, strongly relied upon by appellant to establish its contention that we should examine the merits of the case and consider the evidence in detail. In that case we reversed the award of a new trial for the reason the facts showed no liability on the part of defendant, saying (page 369) : "In ordering a new trial under these circumstances, the court below was guilty of a clear and palpable error of law. Its action was controlled by a point of law, the decision of which governed the case, to the exclusion of other considerations, and required the direction of a verdict for defendant." But the Fornelli Case did not arise upon appeal under the provisions of the Act of 1925, supra. There was no motion for judgment non obstante veredicto which was refused with new trial granted. Moreover the appealing party was not the one who had prayed for and been awarded a new trial. The limits of our re-

view were necessarily much wider. The same considerations apply to Silveus v. Grossman, 307 Pa. 272.

In the case now before us defendant asked for and received a new trial, which it was not obliged to do under the act in question: Regan v. Davis, supra. As no abuse of discretion on the part of the trial court is indicated, we will not interfere in such case.

The order granting a new trial is affirmed.