Phillips *v.* American Stores Company, Appellant.

34

Argued April 29, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John B. H. Carter,* with him *Benjamin O. Frick,* for appellant.

*Francis J. Eustace,* with him *William W. McAdams,* of *McAdams, Eustace & McAdams,* for appellee.

PER CURIAM, May 14, 1941:
This appeal is by defendant from dismissal of its motion for judgment on the whole record after disagreement of the jury, pursuant to the Act of April 20, 1911, P. L. 70 (12 PS § 684). In dismissing the motion the court below said that the motion was dismissed "principally because we felt that the Trial Judge had un-

duly restricted plaintiff's proofs, and that justice required a retrial of the case." The order must be affirmed.

In the case of *Lipsky v. Stolzer*, 236 Pa. 151, 84 A. 688, we held that no appeal would lie under the Act of 1911 where the court merely dismissed a motion for judgment as the act contemplated an appeal only if final judgment was entered in favor of either party. The rule set forth in the Lipsky case, however, was modified by later decisions. In *Conley v. Mervis*, 324 Pa. 577, 188 A. 350, we refused to quash an appeal taken from dismissal of motion for judgment on the whole record after disagreement, saying after reference to the *Lipsky* case that the Act of 1911 was not intended to be productive of unnecessary or unusual litigation. In *McFadden v. Pennzoil Co.*, 336 Pa. 301, 9 A. 2d 412, we considered a similar appeal on its merits without any discussion of the right to appeal. Also, see *Kasmer v. Metropolitan Life Insurance Co.*, 140 Pa. Superior Ct. 46, 12 A. 2d 805.

In *March v. Phila. & West Chester Traction Co.*, 285 Pa. 413, 132 A. 355, there was involved the effect of refusing a motion for judgment n. o. v. under the Act of April 22, 1905, P. L. 286, as amended by the Act of April 9, 1925, P. L. 221, and at the same time granting a new trial. We there held that the Act of 1925 did not impair or destroy the immemorial right of a trial court to grant a new trial whenever in its opinion the justice of the particular case so required. We there said (p. 418) : "Each and all of the authorities cited on this point, exclude the idea, which defendant by its argument seems to assert, that we should, in this class of appeals, review the pleading and all the evidence, for the purpose of determining whether or not a judgment should have been entered, as moved for; if the court below had not exercised its discretion in granting a new trial. Especially is this contention incorrect, where, as here, all the evidence is oral; in such cases

the trial judge, who saw and heard the witnesses, is far better able to decide what weight should be given to their testimony, and hence as to what is the proper course to be pursued, than an appellate court, not so favored, can possibly be." Also, see *Lawrence v. Gillespie*, 300 Pa. 584, 151 A. 343.

This case differs from the March case only in that here the appeal is after a disagreement of the jury under the Act of 1911. The mere fact that the jury disagreed would not furnish any basis for depriving a party of the right to have justice done him. If a court, after disagreement of the jury, was of the opinion that justice required a new trial before the legal question was disposed of, it was certainly his duty to refuse to enter a final judgment. Our inquiry therefore is whether the court abused its discretion in refusing judgment on the whole record for the reason that he believed substantial justice required a retrial of the case.

The situation presented to us is therefore the same as if the court had granted a new trial after a verdict. On an appeal from an order such as the one here complained of, we never reverse unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of a case, is certified by the trial judge as the sole reason for his action: *Reese v. Pittsburgh Rys. Co.*, 336 Pa. 299, 9 A. 2d 394. For an exhaustive discussion of the subject, see *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333. The statement by the court below that he deemed a retrial of the case necessary to do substantial justice forecloses further inquiry as no abuse of discretion has been shown: *Kerr v. Hofer*, 341 Pa. 47, 17 A. 2d 886.

The order of the court below is affirmed.