Bunn et al., *v.* Furstein, Appellant.

Argued October 1, 1943. Before KELLER, P. J., STADT-
FELD, RHODES, HIRT and KENWORTHEY, JJ. (BALDRIGE
and RENO, JJ., absent).

*Lester S. Hecht,* with him *Philip Sterling,* for appel-
ant.

*William V. Mullin,* for appellees.

OPINION BY KENWORTHEY, J., December 9, 1943:

Nelson Jacot, the most important witness to this
automobile accident, was not called by either side at the
trial. He was shown to have been a passenger in the
automobile which injured the minor plaintiff. The
record does not disclose whether his absence was ex-
plained. As a result, the evidence of negligence was,
to say the least, meager and the evidence of agency
largely circumstantial.

Nevertheless, the verdicts were for plaintiffs. De-
fendant then filed motions for judgment n.o.v. and for
new trial. The court overruled the former and granted
a new trial. Defendant appeals and assigns as error
the refusal to enter judgment n.o.v.

A trial court is not bound to enter judgment n.o.v.
in every case in which it is later convinced it should
have given binding instructions at the trial. It has
discretionary power, in the interest of justice, to give

another chance to the party against whom, on the basis of the existing record, it might feel compelled to enter judgment. And in such cases, particularly where, as here, the losing party files *both* motions, appellate review is limited to determining whether there has been an abuse of discretion. The matter has been exhaustively discussed by the Supreme Court in *March v. Phila. & West Chester Traction Co.*, 285 Pa. 413, 132 A. 355, the first case arising under the Act of April 9, 1925, P. L. 221, 12 PS §682. See also *Trimble v. Mennel Milling Co.*, 313 Pa. 188, 169 A. 84; *Phillips v. American Stores Co.*, 342 Pa. 33, 20 A. (2d) 190. And compare *Petkov v. Metropolitan Life Ins. Co.*, 321 Pa. 14, 183 A. 46, where the *losing* party was given a new trial, there was nothing to justify the court's action, and the lower court, in its opinion, said "in all probability, the result will be the same."

Here we do not pass on the question of the sufficiency of plaintiff's evidence to go to the jury because a new trial, with the production of the missing eye-witness, may completely alter its complexion. See *Kline v. Moyer*, 333 Pa. 486, 3 A. (2d) 920; *Fulginiti v. Diamond Coal & Coke Co.*, 259 Pa. 344, 103 A. 51.

Order affirmed.