## Standard Oil Company of New Jersey *v.* Graham Oil Transport Corporation, Appellant.

Argued December 12, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Frederick B. Smillie,* with him *Smillie & Bean* and *Howard M. Long,* for appellant.

*Francis T. Dennis,* with him *Nelson P. Fegley,* for appellee.

OPINION BY RHODES, J., March 5, 1945:

This is an action in assumpsit. Plaintiff claimed that defendant, in transporting gasoline and kerosene in defendant's barge, mixed gasoline with the kerosene, and that a quantity of each was contaminated. The jury returned a verdict in favor of plaintiff. Defendant filed a motion for a new trial and a motion for judgment

n. o. v.  A new trial was granted by the court below on defendant's motion.  Defendant has appealed from the refusal of the court to grant its motion for judgment n. o. v.

The court below said that a new trial should be granted "in the interest of justice and to allow the plaintiff an opportunity to make out a case, if it is able to show that the defendant is a common carrier."  An award of a new trial is an inherent power of the court of common pleas, and is entirely discretionary; such order will not be reversed unless there is a clear error of law or a palpable abuse of discretion.

This appeal is authorized by the Act of April 9, 1925, P. L. 221, 12 PS §682.  But its determination is controlled by the rules governing the appeals from orders which simply grant a new trial; and such orders are not reviewable unless the court below makes it clearly appear that the reasons set forth in its opinion are the only ones which moved it to award the new trial; under no other circumstances will we review the exercise of the broad discretion vested in trial courts to grant new trials.  *Regan v. Davis,* 290 Pa. 167, 169, 138 A. 751. We need not consider whether the question as to defendant's being a common or contract carrier was sufficient in itself to warrant the granting of a new trial, because there may have been other grounds which influenced the court in its action; and we have frequently said that the mention of only one reason for awarding a new trial does not preclude the possibility of the existence of others, and is not sufficient reason for granting a reversal.  *Trimble v. Mennel Milling Co.,* 313 Pa. 188, 190, 169 A. 84.  The statement by the court below that it deemed a retrial of the case necessary " in the interest of justice" forecloses further inquiry as no abuse of discretion has been shown.  *Phillips v. American Stores Co.,* 342 Pa. 33, 36, 20 A. 2d 190.  In *Bunn et al. v. Furstein,* 153 Pa. Superior Ct. 637, at page 638, 34 A. 2d 924, we said: "A trial court is not bound to enter

judgment n. o. v. in every case in which it is later con-vinced it should have given binding instruction at the trial. It has discretionary power, in the interest of justice, to give another chance to the party against whom, on the basis of the existing record, it might feel compelled to enter judgment. And in such cases, par-ticularly where, as here, the losing party files both motions, appellate review is limited to determining whether there has been an abuse of discretion."

The order granting a new trial is affirmed.