## Tupponce, Appellant, *v.* Pennsylvania Railroad Company, Appellant.

Argued January 6, 1948. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Wilfred R. Lorry,* with him *Charles Lakatos* and *Freedman, Landy & Lorry,* for plaintiff.

*Owen B. Rhoads,* with him *Philip Price, Robert M. Landis* and *Barnes, Dechert, Price, Smith & Clark,* for defendant.

OPINION BY MR. JUSTICE DREW, March 22, 1948:

Plaintiff, Eugene M. Tupponce, brought this action in trespass to recover damages for personal injuries alleged to have been caused by the negligence of defendant, Pennsylvania Railroad Company. A jury trial resulted in a verdict of $20,000 for plaintiff. After defendant's motion for judgment n.o.v. was denied by the court en banc, and its motion for a new trial was granted, both parties appealed. Plaintiff assigned as error the granting of defendant's motion for a new trial and defendant assigned the failure of the trial court to enter judgment non obstante veredicto.

Plaintiff's sole contention is that it was error to grant a new trial. After a study of the record we conclude that this case is governed by the rule of law which we have repeated so frequently in our decisions. " 'We will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action': Marko v. Mendelowski, 313 Pa. 46, 169 A. 99": *Girard Tr. Co. v. Geo. V. Cresson Co.*, 333 Pa. 418, 422, 5 A. 2d 221. There is absolutely no indication here of either a palpable abuse of discretion on the part of the trial court or an erroneous rule of law being involved. The opinion of the learned court below discusses two independent reasons why the new trial was granted but a discussion of them is unnecessary because we will not examine the validity of the reasons expressed when, as here, there was clearly a proper exercise of judicial discretion. The order granting a new trial must be affirmed.

Defendant argues that the action of the court below in awarding a new trial instead of entering judgment n.o.v. constitutes error. There is a patent defect in this contention: defendant initiated *both* motions. In a long line of cases arising under the Act of April 9, 1925, P. L.

221, 12 PS §682, we have consistently held that on appeal from an order of a trial court granting a new trial and discharging a motion for judgment non obstante veredicto, the appellate court will not reverse and enter judgment for defendant, unless it is convinced that the court below abused its discretion in awarding a new trial, especially where the appealing party is the one who prayed for and was awarded a new trial: *March v. Phila. & West Chester Trac. Co.*, 285 Pa. 413, 132 A. 355; *Pringle v. Smith*, 286 Pa. 152, 133 A. 33; *Baranowski v. Lack. & Wyo. V. R. R. Co.*, 288 Pa. 461, 136 A. 695; *Trimble v. Mennel Milling Co.*, 313 Pa. 188, 169 A. 84. See *Phillips v. American Stores Co.*, 342 Pa. 33, 20 A. 2d 190, and *Bunn v. Furstein*, 153 Pa. Superior Ct. 637, 34 A. 2d 924.

In the instant case defendant asked for and received a new trial, which it was not obliged to do under the Act of 1925, supra: *Regan v. Davis*, 290 Pa. 167, 138 A. 751. Defendant is in the anomalous position of objecting to the granting of its own motion for a new trial because it would prefer to have its motion for judgment n.o.v. granted. For the reasons set forth above, our examination of the record discloses no abuse of discretion on the part of the learned trial court and we must therefore affirm both the order granting a new trial and the order denying judgment n.o.v.

Orders affirmed.