Ellerbe *v.* Steinman, Appellant.

Argued March 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ward C. Henry,* with him *Swartz, Campbell & Henry,* for appellant.

*John Francis Williams,* for appellee.

PER CURIAM, April 13, 1948:

This case is ruled by our decision in *Standard Oil Company of New Jersey v. Graham Oil Transport Corporation,* 157 Pa. Superior Ct. 41, 41 A. 2d 414. We said in that case (page 43 of 157 Pa. Superior Court, page 415 of 41 A. 2d): "This appeal is authorized by the Act of April 9, 1925, P. L. 221, 12 PS § 682. But its determination is controlled by the rules governing the appeals from orders which simply grant a new trial; and such orders are not reviewable unless the court below makes it clearly appear that the reasons set forth in its opinion are the only ones which moved it to award the new trial; under no other circumstances will we review the exercise of the broad discretion vested in trial courts to grant new trials. Regan v. Davis, 290 Pa. 167, 169, 138 A. 751. . . . The statement by the court below that it deemed a retrial of the case necessary 'in the interest of justice' forecloses further inquiry as no abuse

of discretion has been shown. Phillips v. American Stores Co., 342 Pa. 33, 36, 20 A. 2d 190. In Bunn et al. v. Furstein, 153 Pa. Superior Ct. 637, at page 638, 34 A. 2d 924, we said: 'A trial court is not bound to enter judgment n.o.v. in every case in which it is later convinced it should have given binding instruction at the trial. It has discretionary power, in the interest of justice, to give another chance to the party against whom, on the basis of the existing record, it might feel compelled to enter judgment. And in such cases, particularly where, as here, the losing party files both motions, appellate review is limited to determining whether there has been an abuse of discretion.' "

At the trial of the present case, which is an action in trespass for damages for personal injuries, the jury returned a verdict for plaintiff. Defendant filed a motion for judgment n.o.v. and a motion for a new trial. The court below refused the motion for judgment n.o.v., but awarded a new trial not for the reasons given by defendant in his motion, but in the interest of justice and in the exercise of a general discretion.

This appeal by defendant is from the refusal of the court to grant his motion for judgment n.o.v.

The court below properly refused to rearrange the trial sequence, and then enter judgment n.o.v. for defendant under the authority of *Kunkel v. Vogt,* 354 Pa. 279, 47 A. 2d 195.

The procedural confusion, in which counsel for defendant shares, would be an ample reason for the court's order granting a new trial. But the granting of a new trial in the interest of justice is entirely a matter of discretion with the court, and such an order will not be reviewed unless a clear abuse of discretion appears. *Simpson v. Montgomery Ward & Co.,* 162 Pa. Superior Ct. 371, 57 A. 2d 571.

An applicable case is *Tupponce v. Pennsylvania Railroad Co.,* 358 Pa. 589, 57 A. 2d 898, where our Supreme Court, in an opinion by Mr. Justice DREW,

said (page 590 of 358 Pa., page 899 of 57 A. 2d) : "In a long line of cases arising under the Act of April 9, 1925, P. L. 221, 12 PS § 682, we have consistently held that on appeal from an order of a trial court granting a new trial and discharging a motion for judgment non obstante veredicto, the appellate court will not reverse and enter judgment for defendant, unless it is convinced that the court below abused its discretion in awarding a new trial, especially where the appealing party is the one who prayed for and was awarded a new trial: March v. Phila. & West Chester Trac. Co., 285 Pa. 413, 132 A. 355; Pringle v. Smith, 286 Pa. 152, 133 A. 33; Baranowski v. Lack. & Wyo. V. R. R. Co., 288 Pa. 461, 136 A. 695; Trimble v. Mennel Milling Co., 313 Pa. 188, 169 A. 84. See Phillips v. American Stores Co., 342 Pa. 33, 20 A. 2d 190, and Bunn v. Furstein, 153 Pa. Superior Ct. 637, 34 A. 2d 924."

There was no abuse of discretion or error committed by the court below.

Order granting a new trial is affirmed.