Dzaack, Appellant, *v.* Bell Telephone Co.

Argued March 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Benjamin L. Steinberg,* with him *Morris G. Levy* and *Benjamin B. Crone,* for appellant.

*John Heron* and *Patterson, Crawford, Arensberg & Dunn,* for appellee, were not heard.

386

Per Curiam, April 15, 1929:

In this action to recover for personal injuries, an $8,640 verdict was rendered in favor of plaintiff; the court below cut the award to $6,000; plaintiff filed of record an acceptance of the reduced verdict, but before judgment was entered thereon, and within the term, the court below directed a new trial, saying that the prior order, which it formally vacated, had been made "inadvertently before full consideration of the opinion of the trial judge was had by the other judges sitting in banc," and "upon reconsideration, the court in banc [became] convinced that the verdict was so excessive that the case should be resubmitted to a jury"; further, that the court entertained an impression "the accident could not have happened as indicated by plaintiff's witnesses"; and, finally, that it was "of the opinion that the ends of justice [would] be best served by resubmitting the case for a new trial rather than by reducing the verdict." Under such circumstances this court will not interfere.

In Fertax Co. v. Spiegelman, 292 Pa. 139, 140, and again, in Garland v. Gordon, 295 Pa. 99, 100, we very recently said that, where a trial court states in its opinion that "the interests of right and justice require that the case shall be retried......, we do not interfere on appeal." These authorities rule the present case.

The order is affirmed.