**R. Mandel, Appellant, *v.* M. Freeland.**

Argued October 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Samuel G. Muffett,* for appellant.

*Barnet Lieberman,* and with him *Herman D. Levinson,* for appellee.

PER CURIAM, November 20, 1930:

This is an action of assumpsit. The trial was had by the lower court without a jury and resulted in a finding for the plaintiff on November 25, 1929. On November 29, motion for a new trial was made; on February 7, this motion was dismissed for want of prosecution; on February 11th, judgment was entered on the finding; on February 19th, the court reinstated the motion for a new trial; on April 5th, the motion for new trial and judgment n. o. v. were dismissed; on April 14th, both motions were reinstated; and on May 28th, a new trial was granted and the motion for judgment n. o. v. dismissed.

It seems by the docket entries which are the only evidence that we have to guide us, that the court kept its grasp upon the case and that the only question before us. is whether the granting of the new trial was an abuse of discretion.

The new matter submitted by the plaintiff was that by reason of the fact that there was no attorney present at the trial who could substitute for counsel for plaintiff, he did not feel that he should offer himself as a witness. There is also an allegation that one witness testified to something that was absolutely false and that it now transpires that counsel for the defendant has personal knowledge of the facts involved in the alleged false testimony.

We gather from the opinion of the trial judge that he granted a new trial because of the allegation as to perjured testimony and because there was a question

possibly involving the integrity of the attorney. As the trial judge and the judges sitting in banc thought that the interest of justice would best be served by a new trial, we will not interfere. See Garland v. Gordon, 295 Pa. 99; Dzaack v. Bell Telephone Co., 296 Pa. 385; Blassotti v. Greensboro Gas Co., 96 Pa. Superior Ct. 162.

The order is affirmed.