THE STATE, THOMAS BENJAMIN, NOBLE VAN NESS, ELMER E. BOTT AND MARSDEN JACOBUS, PROSECUTORS, v. MAHLON H. HILER, CONSTABLE; SAMUEL P. ROOME, TUNIS RYERSON AND ABRAM LYNN, MANAGERS.

———

THE STATE, GARRET B. JACOBUS, HENRY H. BOTT, FRANK M. ODELL AND EMMA BEACH, PROSECUTORS, v. MAHLON H. HILER, CONSTABLE; SAMUEL P. ROOME, TUNIS RYERSON AND ABRAM LYNN, MANAGERS.

———

THE STATE, FRANK L. JACOBUS, C. H. VAN NESS AND NATHAN J. CONKLIN, HEIRS OF JOHN BEACH, PROSECUTORS, v. MAHLON H. HILER, CONSTABLE; SAMUEL P. ROOME, TUNIS RYERSON AND ABRAM LYNN, MANAGERS.

———

THE STATE, SAMUEL BRIGGS, AMZI E. ZELIFF, HORACE W. ZELIFF AND SAMUEL SLINGERLAND, PROSECUTORS, v. MAHLON H. HILER, CONSTABLE; SAMUEL P. ROOME, TUNIS RYERSON AND ABRAM LYNN, MANAGERS.

———

THE STATE, ALFRED JACKSON, ABRAM H. RYERSON, ANDREW SLINGERLAND AND MATURAN ZELIFF, PROSECUTORS, v. MAHLON H. HILER, CONSTABLE; SAMUEL P. ROOME, TUNIS RYERSON AND ABRAM LYNN, MANAGERS.

———

THE STATE, JOHN H. VREELAND, GEORGE W. FRANCISCO, HEIRS OF MARTHA J. COOK, AND AUSTIN DOREMUS, PROSECUTORS, v. MAHLON H. HILER, CONSTABLE; SAMUEL P. ROOME, TUNIS RYERSON AND ABRAM LYNN, MANAGERS.

Argued June Term, 1898—Decided January 24, 1899.

The propriety of the adjudication made by a legislative commission fixing the boundaries of a taxable area is not drawn under review by a writ of *certiorari* directed to the managers of the corporation who impose the tax.

Benjamin v. Hiler.    *63 N. J. L.*

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutors, *Edward A. Quayle.*

For the defendants, *Joshua S. Salmon.*

The opinion of the court was delivered by

GARRISON, J.    The prosecutors in these *certioraris* dispute the validity of a certain assessment made by the defendants, as managers of the Bog and Fly Meadow Company, of the township of Pequannoc, Morris county, New Jersey, for money expended by them in clearing, straightening, widening and ditching Beaver Dam brook in pursuance of the directions of the act of the legislature of New Jersey, entitled "Further supplement to the act entitled 'An act to authorize the ditching and draining of the Bog and Fly meadow in Morris county,' passed February 20th, 1811," which supplement was approved April 1st, 1875, and for the expenses incurred by the commissioners appointed by the act of the legislature entitled "A further supplement," &c., approved May 1st, 1894, in surveying, laying out, designating and dividing the boundaries of the property to be taxed as described in said act of 1875.

The land known as the Bog and Fly meadows lies along the west and southwest portion of Pompton Plains, in the township of Pequannoc, Morris county, and embraces many hundreds of acres.    The Beaver Dam brook runs from west to east, along the southerly end of the Bog and Fly meadows. There is a large scope of low meadow land called " The Ben-a-vly," lying on the south of that brook, which is also drained by it.

For the purpose of draining the Bog and Fly meadows the Bog and Fly Meadow Company was incorporated by an act of the legislature of New Jersey passed February 20th, 1811. The ninth section of that act provided that the Beaver Dam brook should be cleared, straightened and ditched " at the

expense of the owners of the Bog and Fly meadows." This had been done several times at the expense of the owners of the Bog and Fly meadows prior to 1875, so that said brook from a small stream had grown to a watercourse of considerable size.

For the purpose of requiring thereafter all the owners of lands fronting on said brook or benefited by the opening, clearing out, widening and straightening of the same to pay a just proportion of the expense of such work, the act of 1875 was passed and further supplemented in 1894 as follows:

The commissioners thus named by the legislature laid out, designated and divided the boundaries of the property to be taxed, made a map thereof and a list of the names of the owners of land, with the number of acres which as commissioners they adjudged were benefited. This map and the accompanying documents were handed by the commissioners to the managers of the Bog and Fly Meadow Company, and were the basis of the proportional assessment of which complaint is now made. It will be seen that the real ground of complaint is the adjudication of the commissioners, the managers, who are the defendants to these *certioraris*, having no hand in the determination as to which lands should be included in the taxable area. The commissioners are, however, not parties to this litigation, nor was any *certiorari* taken to test the propriety of their report, which is not drawn into controversy by this writ. Inasmuch as the managers were compelled to adopt the findings of the commissioners, there is nothing in the return upon which their action can be reversed.

The so-called remission of these assessments is not sustained by the facts stated in the stipulation. If anything was done by the appeal commissioners it was either to set aside the adjudication of the legislative commission or to repeal the legislation itself. It performed no act that was within its functions.

The assessments are affirmed, with costs.