# Cleveland Worsted Mills Company *v.* Myers-Jolesch Company, Inc., Appellant.

*Appeals—New trial—Discretion of trial court—Review—Abuse of discretion—Granting new trial to permit raising question for consideration on appeal—Delay of justice—Constitution.*

1. An order granting a new trial will not be reversed, unless it be clearly established that the court below abused its discretion in making the order.

2. It is not an abuse of discretion to grant a new trial in order that an important question may be so raised as to permit of its consideration on appeal.

3. If the questions raised do not depend on oral evidence, are conclusive of the case, and nothing is left but to enter the judgment which their determination requires, an appellate court will reverse an erroneous order granting a new trial, because, in that event, a new trial would be a denial or delay of justice, in violation of the Constitution.

4. But if the decision of the case depends wholly or in part upon oral evidence, an order granting a new trial will not be reversed simply because the court below in its opinion accompanying the order referred only to a pending legal question.

5. Before an appellate court reverses an order granting a new trial it should review all the issues raised in the court below, whether or not they are referred to in the opinion granting the new trial.

Argued January 8, 1920. Appeal, No. 43, Jan. T., 1920, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1917, No. 2610, granting a new trial in the case of the Cleveland Worsted Mills Company v. Myers-Jolesch Company, Inc. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for purchase price of goods sold and delivered.   Before PATTERSON, J.

Verdict for defendant with a certificate in the sum of $6,027.87.

The court granted plaintiff's motion for a new trial. Defendant appealed.

*Error assigned* was the order granting a new trial.

*Alfred Aarons*, of *Aarons, Weinstein & Stone*, for appellant.—An order granting a new trial is reversible error when the action of the trial court is predicated upon an erroneous view of the law: Allen v. Sawyer, 2 P. & W. 325; Stauffer v. Reading, 206 Pa. 479; First Nat. Bank of Birmingham v. Fidelity T. & Tr. Co., 251 Pa. 536; Danboro, etc., Turnpike Road Co. v. Bucks County, 258 Pa. 391; Walker v. Walker et al., 264 Pa. 68.

The lower court erred in granting a new trial upon the theory that a vendee is limited to nominal damages, where the vendor refuses delivery upon the agreed terms of credit, but offers to deliver for cash at the contract price, the general market having risen: Lawrence v. Porter, 63 Fed. 62; Hauptman v. Penna. W. Home for the Blind, 258 Pa. 427, 430.

*W. Horace Hepburn*, with him *William A. Carr* and *Sidney L. Krauss*, for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1920:

Plaintiff sued to recover the price of certain yarn sold and delivered to defendant.   The latter admitted liability therefor, but alleged the yarn was inferior in quality and hence it was only obliged to pay the actual value thereof; also that the sale was made under a special contract by which plaintiff agreed but later refused to deliver certain other yarn to defendant, whereby it suffered a loss in excess of plaintiff's claim.   Upon the

trial of these issues the jury rendered a verdict for defendant with a certificate in its favor. A motion for a new trial was made, a number of reasons being specified but apparently only one considered, the court below saying in conclusion: "This question was not raised at the trial and there is no exception upon the record as to the trial judge's ruling in regard to the measure of damages. We believe, however, that in the interest of justice a new trial should be granted, in order that the plaintiff may have the measure of damages properly submitted to a jury."

Defendant now appeals from the order granting a new trial, averring an abuse of discretion because, as it alleges, the charge to the jury was correct. We cannot so hold, however, for the "interest of justice" may well demand a new trial be granted in order that an important question in the cause may be so raised on the record as to permit of its consideration on appeal, and this whether or not it was properly decided at the trial.

If the question or questions decided do not depend on oral evidence, are conclusive of the whole case, and nothing is left but to enter the judgment which their determination requires, we may well reverse an erroneous order granting a new trial; because, in that event, a retrial would be an injustice, antagonistic to the constitutional provision entitling suitors to "justice......without sale, denial or delay." But where, as here, there are other questions raised in the cause, some of which must be determined upon a consideration of oral evidence, we necessarily largely rely upon the judgment of the court below, which best knows what are the requirements of justice in such cases (Mirkil v. Morgan, 134 Pa. 144, 155) ; and we ought not to interfere with the exercise of its discretion simply because in its opinion it refers to but one of the questions at issue between the parties. If we did we would be compelled to review also all the other points raised in the court below, without the aid which its consideration thereof would give us (Allen v. Saw-

yer, 2 P. & W. 325), and thereby we might do injustice to one litigant, while attempting to avoid it as to the other.

Our action herein must not be considered as deciding anything regarding the proper measure of damages in such cases as the present. That question will be decided when it comes before us in due course.

The appeal is dismissed.