Fisher Motor Co., Inc., Appellant, *v.* Reppert.

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Joseph R. Dickinson,* with him *Harry W. Lee,* for appellant.

*Harvey F. Heinly,* for appellee.

PER CURIAM, February 11, 1929:

Plaintiff recovered a verdict in a suit on a mortgage; defendant asked for a new trial, assigning five reasons; the court below granted the motion, stating in its opinion, "For present purposes, we need consider only the fifth reason," which complained of binding instructions for plaintiff. Thus it may be seen that, while only one reason for granting a new trial is discussed by the court below, yet other reasons existed which might have dictated that course. When the case came on for argument, counsel for appellant was told, if the trial court would certify that the reason discussed in its opinion was the only one which moved it to make the order complained of on this appeal, we would hear argument; otherwise the case would fall within our usual rule that, on an appeal from the grant of a new trial, unless the record contains a definite judicial statement that the order in question "rests on a reason given," which, to the exclusion of all else, controlled the decision, "we will not interfere with the court's exercise of discretion": Pawlowski v. Sczehowicz, 293 Pa. 548, 550, and authorities there cited: see also Jacobson v. Phila. R. T. Co., 295 Pa. 130, 131, where we wrote that "Neither of the reasons [stated in the opinion of the court below] warrants the order appealed from; but, in several recent cases, we have said that, when a new trial is directed, unless the order to that effect is accompanied by a statement that the reasons expressed are the only ones which moved the court to grant it, we assume that the trial tribunal did not abuse the very broad discretion with which it is vested in such instances, and therefore will not review the order." Counsel having informed us that the court below refused to give the required certificate, we, without discussing or determining any other matters of law or fact, and without prejudice to plaintiff again to raise, on another appeal, after the new trial, the point or points here alleged to be involved, must order that

The present appeal is dismissed.