Lawrence *v.* Gillespie, Appellant.

Per Curiam, May 27, 1930:

We have before us plaintiff's motion to quash defendant's appeal. It appears, by petition and answer, that, after judgment on a verdict in plaintiff's favor, defendant moved for a new trial and for judgment n. o. v.; the court below granted the first motion and refused the second; in directing a new trial, the court in banc stated that one ruling of the trial judge, which it conceived to be error, constituted sufficient reason for its order "without considering the other reasons to grant a new trial"; when requested "to state of record" that the only reason for granting a new trial was the one assigned in its opinion filed in support of its order to that effect, the court below refused to do so. We have repeatedly ruled that, "on an appeal from the grant of a new trial, unless the record contains a definite judicial statement that the order in question rests on a reason given, which, to the exclusion of all else, controlled the decision, we will not interfere with the court's exercise of discretion"; further, that "The Act of April 9, 1925, P. L. 221, authorizing appeals when the court declines to enter judgment n. o. v., does not impair or destroy the immemorial right of a court of first instance to grant a new trial, whenever, in its opinion, the justice of the particular case so requires, nor does it change the established practice of the appellate courts......in such matters, and that, in reviewing an appeal from the order of the court below, in cases where it has dismissed a motion for judgment non obstante veredicto [and] awarded a new trial, the appellate courts will affirm unless the grant of the new trial was a clear abuse of discretion." See Pawlowski v. Sczehowicz, 293 Pa. 548, 550; Fisher Motor Co. v. Reppert, 295 Pa. 527, 528, and cases there cited. In short, under circumstances such as those in this case, the record presents nothing for review.

The motion to quash is allowed and the appeal is dismissed.