Bailey *v.* C. Lewis Lavine, Inc., Appellant, et al.

Argued December 3, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*John V. Horan,* of *Smithers, Lank & Horan,* for appellant.—The driver of a car is not required to anticipate and guard against want of ordinary care on the part of another: Simon v. Lit, 264 Pa. 121; Black v. Mark, 273 Pa. 138.

This is the law, with the exception that if both cars arrive at the same time, then the driver to the left must give way: Weber v. Greenebaum, 270 Pa. 382; Davis v. Ice Co., 285 Pa. 177.

When the physical facts contradict the testimony of witnesses, neither judge nor jury may credit it: Car Co. v. Kindeman, 216 Fed. 499; Hill v. P. R. T., 271 Pa. 233.

It was an abuse of discretion to refuse a new trial to appellant and grant one to its codefendant after joint verdict, in the face of the record establishing the latter's negligence beyond any doubt: Cleveland Co. v. Myers-Jolesch Co., 266 Pa. 309; Hess v. Gusdorff, 274 Pa. 123; Alianell v. Schreiner, 274 Pa. 152; Smith v. Times Co., 178 Pa. 510; Mix v. North Am. Co., 209 Pa. 636.

*Raymond Pace Alexander,* with him *John Francis Williams* and *Maceo W. Hubbard,* for appellee, cited: Wiebe v. Powers, 86 Pa. Superior Ct. 389; Weber v. Greenebaum, 270 Pa. 382; Kutz v. Baking Co., 87 Pa. Superior Ct. 297; Frank v. Pleet, 87 Pa. Superior Ct. 494; Mehler v. Doyle, 271 Pa. 492; Alperdt v. Paige, 292 Pa. 1; Smith v. Times Co., 178 Pa. 510; Danboro, etc., T. Road v. County, 258 Pa. 391.

OPINION BY MR. JUSTICE WALLING, January 5, 1931:

Forty-seventh Street, extending through the City of Philadelphia in a northerly and southerly direction, is crossed at right angles by Springfield Avenue. At midday of July 2, 1928, Nora Bailey, the plaintiff, was on the sidewalk at the southeast corner of this intersection, when the motor truck of the defendant, C. Lewis Lavine, Inc. (herein called Lavine), moving south in Forty-seventh Street collided with a Rolls-Royce automobile (herein called the car), moving easterly in Springfield Avenue, so that the truck ran onto the sidewalk and against plaintiff, doing her serious injury. The Rolls-Royce was owned by Paul M. Arnold and Edith G. Arnold. At the time of the accident, the car was being driven by their chauffeur, Howard Collins, but plaintiff, on the contention that while the car was being driven by Collins, he was, in fact, in the employ of the defendant Rolls-Royce of America, Inc. (hereinafter called the

Rolls-Royce), who, it is alleged, had the car for purpose of repair. Therefore this suit was brought against Lavine and the Rolls-Royce on the contention that the accident resulted from their concurrent negligence. It was agreed that plaintiff's damages were $3,500, and for that amount the jury rendered a verdict against both defendants. The court in banc denied Lavine's motion for judgment n. o. v. and also for a new trial and entered judgment against it on the verdict, but granted the Rolls-Royce a new trial, and Lavine brought this appeal.

Appellant strenuously urges that, under the evidence, the party in charge of the car, was wholly responsible for the accident. A careful study of the record fails to sustain this contention. True, there is testimony of eyewitnesses that the truck came first to the crossing, moving at moderate speed and was run into by the car going at high speed. Much of the proof sustains this contention, but there is also positive testimony of eyewitnesses that the car came first to the crossing and was run into by the truck. This finds some corroboration in the testimony that the car was injured at the side and not in front. There is also the further fact that the car came from the right and, under the Act of June 30, 1919, P. L. 678, had the right of way when both reached the intersection simultaneously. See Davis et. ux. v. American Ice Co., 285 Pa. 177; Black v. Mark, 273 Pa. 138. We have considered the argument of Lavine that its contention is supported by the physical facts, and while there is some discrepancy as to distances, speed, etc., it cannot be found as matter of law that the physical facts free it from blame. The rule that oral testimony cannot stand in face of physical facts, applies only to clear cases, and this is not of that character. Where the culpability of the respective parties depends upon a controverted question of fact, the case is for the jury: Wiebe v. Powers, 86 Pa. Superior Ct. 389. Had either the truck or the car approached this intersection with due care and under proper control (see opinion of the

present Chief Justice, speaking for the court, in Simon
v. Lit Bros., Inc., 264 Pa. 121; also Harkin v. Toy &
P. R. T. Co., 278 Pa. 24; Weber v. Greenebaum, 270 Pa.
382), the accident could have been avoided. Even he
who has the right of way must exercise reasonable care
or he will be chargeable with negligence. See Alperdt
et ux. v. Paige, 292 Pa. 1; Frank et al. v. Pleet et al.,
87 Pa. Superior Ct. 494. The proof was such as to jus-
tify a finding that both Lavine and the Rolls-Royce were
culpable, and if their concurrent negligence resulted in
plaintiff's injury, she could sue either or both: Goldman
et al. v. Mitchell-Fletcher Co., 285 Pa. 116; Cleary v.
Quaker City Cab Co. et al., 285 Pa. 241; Moraski et al.
v. P. R. T. Co., 293 Pa. 224. Those whose negligent acts
unite in producing an injury will be held jointly and
severally liable to the injured party: Hughes et ux. v.
Pittsburgh T. Co. et al., 300 Pa. 55.

On a lower court's action on the matter of a new trial,
we will not reverse except on a question of law which is
set forth as the sole reason for its action (see Lawrence
v. Gillespie, 300 Pa. 584; Duaine v. Gulf Refining Co.,
285 Pa. 81; Cleveland W. Mills Co. v. Myers-Jolesch
Co., 266 Pa. 309), or in the very rare case where the re-
fusal of a new trial amounts to a manifest abuse of dis-
cretion: Reist v. Wogan, 281 Pa. 107; Lawrence v. Gil-
lespie, supra. The presumption is that the trial court
was justified in granting the new trial even when the
reason given therefor is an insufficient reason unless the
court expressly states that it is the only reason. See
Cleveland W. Mills Co. v. Myers-Jolesch Co., supra.

Where the cause of action is joint and several, a trial
court may enter judgment on a joint verdict against one
defendant and grant a new trial as to the other. As
plaintiff, in the instant case, might have brought her
suit against appellant only, so she might have discon-
tinued the action against the Rolls-Royce at any time.
She should not be put to the delay, expense and hazard
of another trial because of the court's action as to the co-

defendant. The Act of June 29, 1923, P. L. 981, authorizes a plaintiff to proceed against some jointly sued although the court may dismiss the action as to others, with the same effect as if the latter had not been joined. See Cleary v. Quaker City Cab Co. et al., supra. This question is discussed in S. Samuel & Brother v. Superior Court (R. I.), L. R. A. 1918 C, page 967, and note, page 970. And a case in point is Moreland v. Durocher et al., 121 Mich. 398, 80 N. W. 284, which holds: "In this case the plaintiff might have proceeded against the defendants as to whom the judgment now stands, or she might have discontinued the case as to their codefendants at any stage of the proceedings. It is not easy to perceive, therefore, where the action is thus severable as well as joint, and where the right exists to proceed against a portion or all of the defendants, why the plaintiff should be compelled to lose her judgment against a portion because it appears that the others are entitled to a new trial. The case of Albright v. McTighe, 49 Fed. 817, contains a careful review of all the authorities, and the conclusion is reached that, by a clear weight of modern authority, the practice pursued in this case is proper."

The action is still pending against the Rolls-Royce and on a retrial, if it is held culpable, Lavine may become entitled to contribution under the rule declared in an exhaustive opinion of the court by Mr. Justice SCHAFFER, in Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354, that, in the absence of wilful wrong, contribution may be recovered from those jointly liable for a tort. Of course, plaintiff can recover but one satisfaction; but the trial court may so mold the proceedings as to do equity among the defendants. See First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92; Vinnacombe et ux. v. Phila. & Am. S., 297 Pa. 564.

While this action was pending in the trial court, the Rolls-Royce had a scire facias issued to bring in Paul M. Arnold and Edith E. Arnold as additional defendants, under the Act of April 10, 1929, P. L. 479. At the

trial, however, the court held no recovery could be had against them because as to them the matter was res judicata. This, because plaintiff at first brought her suit against Lavine and the Arnolds and recovered a verdict against both, but the trial court thereafter entered judgment in favor of the Arnolds n. o. v. and granted a new trial as to Lavine. While the present action was subsequently brought against Lavine and the Rolls-Royce, no appeal was taken from the judgment entered in favor of the Arnolds. The correctness of this conclusion was not challenged in the trial court and is not here; hence, we need not further consider the Act of 1929.

As to whether the trial court erred in excluding the piece of evidence discussed in the opinion of the court in banc, or its effect if admitted, we express no opinion.

The judgment is affirmed.