## Hill Silk Corp., Appellant, v. Victoria Silk Co.

Argued March 2, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-NINGHAM, BALDRIGE and DREW, JJ.

*L. H. Simons,* for appellant.

*Russell J. O'Malley* of *O'Malley & O'Malley,* for appellee.

PER CURIAM, March 13, 1931:

The plaintiff shipped certain silk to the defendant company who was engaged in the business of throwing silk. The place in which the silk was stored was broken in and the silk stolen. The present suit is to recover the value of it. The plaintiff alleged that the defendant was negligent in the care it exercised over the property committed to it. The jury found a verdict in favor of the plaintiff for the amount claimed. The court granted a new trial and from this action, the plaintiff has appealed.

The trial judge was not satisfied with the way the case was tried. He gives three reasons for granting a new trial: One is that he questions whether the determination of the value of the goods was properly brought to the attention of the jury. A reading of the records shows that the minds of the jury were not clear as to this matter. The questions put by them to the court showed that they were confused and that confusion apparently was not removed by the further instructions of the court. Evidently, the court was of the opinion that justice required that a new trial be granted. We will not interfere with the pur-

pose of the lower court to have a better trial of the matters involved. Moreover, the lower court does not state that the reasons given alone moved it to grant the new trial. The rule covering appeals from the granting of new trials is, that unless the record contains a definite judicial statement that the order in question rests on the reasons given, which, to the exclusion of all else, controlled the decision, the appellate court will not interfere with the lower court's exercise of discretion: Lawrence v. Gillespie, 300 Pa. 584.

The order is affirmed.