Wilt et ux. *v.* Slotkin (Wismer, Appellant).

Argued October 24, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Harold B. Beitler,* for appellant.

*G. Harry Ditter,* for appellees.

PER CURIAM, December 18, 1934:

Dollie J. Wilt, wife of Oswil S. Wilt, was injured returning from church in the automobile of Joseph S. Wismer as a result of a collision between Wismer's car and that of the other defendant, Marcia Lydia Slotkin. Wismer's car was going west on Elkins Avenue and Miss Slotkin's automobile was going north on Sixth Street in the City of Philadelphia, both highways being of equal width. There was a verdict rendered in favor of the wife plaintiff and her husband against both defendants. Joseph S. Wismer is the appellant in this appeal. The only question involved is, Does the evidence disclose negligence on the part of the defendant, Wismer? There was a motion made for entry of judgment n. o. v. which the lower court dismissed for want of prosecution. There was a request for binding instructions presented to the lower court which was declined and an exception noted for the defendant, which we think is sufficient to sustain this appeal irrespective of whether the rule of court as to the duty of the defendant to move promptly on the n. o. v. should have been enforced or not.

The wife plaintiff was a guest of Joseph S. Wismer. Miss Slotkin was driving north on Sixth Street on the right hand side near the center, intending to make a left hand turn into Elkins Avenue. She stated she was travelling at 20 miles per hour and as she approached the intersection she had reduced her speed to about 10 miles per hour, she had just turned the wheel in order to turn west on Elkins Avenue when Wismer's car came in front of her car and hit it near the rear on the right side. According to Wismer's testimony he was proceeding west on Elkins Avenue at about 25 miles per hour and when he approached the intersection of Sixth Street he reduced his speed to 15 miles per hour; when he reached the house line he looked to his right and left and had a range of vision

of about 125 feet each way. At that time there was no traffic on Sixth Street coming either from his right or his left; he continued into the intersection after looking at the house line and did not look again until he was near the center of the street when he saw Miss Slotkin's car coming from his left at about 40 miles per hour and her car at that time was about 25 feet south of the intersection. The evidence of Wismer indicates that when he arrived at the house line he looked and not seeing any other traffic on Sixth Street drove into the intersection, without any further observation until the collision was imminent. Miss Slotkin's testimony is that she put out her hand and was looking west when she was about to make the turn and that she would have seen Wismer's car if it was within vision. There is a question of fact as to which car was at the intersection first and had the superior right to proceed. Both defendants made contradictory statements as to where their cars were and the court, as a matter of law, could not adopt either of their narratives. If Wismer's story is correct, from the time he left the house line until he arrived somewhere in the intersection, Miss Slotkin's car had traveled over 100 feet and was going five times as fast as he was going. The jury could well find that ordinary prudence would have dictated that he should stop. Had Wismer looked when he arrived at the house line he could have seen the car of the other defendant approaching from his left. It seems clear that the jury could find that both of these defendants were at fault. According to some of the testimony submitted, the jury could find that each approached the intersection without any concern for any other driver or traffic, and the court could not, as a matter of law, declare the defendants free from fault and had to submit the matter to the jury so as to decide which one was negligent, or whether they were both negligent. ''Where the culpa-

494

bility of the respective parties depends upon a controverted question of fact the case is for the jury and those whose negligent acts unite in producing an injury are jointly or severally liable to the injured party." Bailey v. Lavine, Inc., 302 Pa. 273, 153 A. 422.

The judgment is affirmed.