## Barker *v.* Barrett et al. (Felker, Appellant.)

Argued April 29, 1941. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellant.

*C. M. Murphy,* for appellee.

OPINION BY KELLER, P. J., June 30, 1941:

The plaintiff, Elizabeth Barker, was injured, while a passenger in an automobile owned and operated by Bertha E. Felker, in a collision with another automobile owned by L. D. Barrett, but driven by William P. Barchfield.

She brought an action in trespass against Barrett and Barchfield jointly (Act of June 29, 1923, P. L. 981) to recover the damages sustained by her.

The original defendants caused a writ of scire facias to issue, under the Act of April 10, 1929, P. L. 479 and its amendments, bringing in Bertha E. Felker as additional defendant, and alleging that she was solely responsible for the accident and the injuries to plaintiff.

An action had previously been brought by Barrett against Bertha E. Felker for the property damage to his car as a result of the collision.

The two cases were tried together before one jury, with the following results:

In *Barrett v. Felker,* verdict for plaintiff, which has been paid and satisfied.

In *Barker v. Barrett and Barchfield,* defendants, and *Felker* additional defendant, verdict against the plaintiff and in favor of the original defendants and the additional defendant. The plaintiff in this action filed a motion for a new trial which was granted as to the additional defendant but refused as to the original defendants. Judgment was thereupon entered on the verdict in favor of the original defendants, Barrett and Barchfield, which was not appealed from by either

plaintiff or additional defendant, and cannot be appealed from now since more than three months have elapsed since its entry. The additional defendant appealed from the order granting a new trial as to her.

The evidence has not been brought before us in the record on appeal, but in the view of the trial judge it was sufficient to sustain a finding by the jury that Barrett and Barchfield were not· guilty of negligence causing or contributing to the accident. The trial judge felt that the evidence showed no contributory negligence on the part of the plaintiff Barker and hence that she was entitled to recover at least nominal damages, and therefore the court awarded a new trial as against the additional defendant, Felker, with whom she (plaintiff) was riding, while refusing it as to the original defendants. The latter cannot now be affected by the result of the new trial. They are freed from any further participation or responsibility in the case by virtue of the judgment on the verdict in their favor, unappealed from. The plaintiff or the additional defendant might have appealed from that judgment within the time limited by law (*Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 277, 153 A. 422; *Schwartz v. Jaffe*, 324 Pa. 324, 330-331, 188 A. 295), but failed to do so.

The court below undoubtedly had the power to refuse a new trial as to the original defendants, if it deemed the verdict in their favor supported by the evidence, and at the same time grant a new trial as to the additional defendant, if it concluded that the interests of justice required it to do so: Act of June 29, 1923, P. L. 981; *Lang v. Hanlon*, 305 Pa. 378, 157 A. 788; *March v. Phila. & W. C. Traction Co.*, 285 Pa. 413, 132 A. 355; *Lawrence v. Gillespie*, 300 Pa. 584, 151 A. 343; *Kline v. Moyer*, 333 Pa. 486, 488, 3 A. 2d 920. The Act of 1923, supra, applies to additional defendants brought in by scire facias proceedings: *Carroll v. Kirk*, 144 Pa. Superior Ct. 211, 19 A. 2d 584.

The court may have erred in its opinion in holding that the verdict in the case of *Barrett v. Felker,* which was tried at the same time, and is now satisfied, was res judicata as to Felker's negligence in this action (*Woodburn v. Penna. R. R. Co.,* 294 Pa. 174, 144 A. 93; *Bennett, Trustee v. Erwin,* 325 Pa. 330, 333, 189 A. 675; *Phila. Auburn-Cord Co. v. Shockcor,* 133 Pa. Superior Ct. 138, 2 A. 2d 501; *Bertolet v. Lanard,* 135 Pa. Superior Ct. 245, 252, 5 A. 2d 441), but the action may be right, even though the reason given for it in the opinion was wrong. In any event the judgment *in this action* in favor of Barrett and Barchfield, unappealed from, is res judicata on any retrial of the present case: *Bailey v. C. Lewis Lavine, Inc.,* supra, pp. 278-279.

The case of *Campbell v. National-Ben Franklin Fire Ins. Co.,* 123 Pa. Superior Ct. 274, 187 A. 217, has no application whatever to this case. There was only one plaintiff in that case and one defendant. The insurance policy sued on covered (1) a dwelling and (2) its contents. We held that if a new trial was granted the defendant it would apply to the whole case — to the directed verdict for the defendant, as to the insurance on the dwelling, no less than to the verdict for the plaintiff, as to the insurance on the contents. It has no application to an action against two or more defendants, under the Act of 1923, supra, whose liability, if any, is joint and several, where the evidence warrants a verdict as to some and requires a dismissal of the action as to others: *Bailey v. C. Lewis Lavine, Inc.,* supra, p. 277.

The assignment of error is overruled and the appeal is dismissed.