## Freedman et ux. *v.* Dalton et al. (Rosner, Appellant).

Argued January 19, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Aaron S. Swartz, Jr.,* of *High, Dettra & Swartz,* with him *Victor J. Roberts* and *Duane, Morris & Heckscher,* for appellant.

*Edward M. Hawes,* with him *Larzelere & Wright,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 23, 1942:

Joseph Freedman and Marion B., his wife, were passengers in an automobile belonging to and driven by Samuel E. Rosner. This automobile came into collision with a station wagon belonging to Samuel A. Dalton, driven by his servant, John Brown, not on his employer's business. The collision took place at the intersection of Germantown Pike and Joshua Road. The former is a main through highway, the latter smaller and not of as much importance. Germantown Pike had been under repair and was barricaded. The work had been about completed and the barricade was removed a few days after the accident. The barricade, it seems to us, had

nothing to do with the accident. The car driven by Brown was proceeding along Germantown Pike, the Rosner car on Joshua Road.

As a result of the collision, Mr. and Mrs. Freedman brought this action against Samuel A. Dalton, claiming damages for the injuries received. Dalton by scire facias brought Rosner in as additional defendant and the latter in turn brought in Brown as a second additional defendant.

The trial judge submitted the case to the jury for special findings under the practice we approved in *Malone v. Union Paving Co.*, 306 Pa. 111, 159 A. 21; *Shapiro v. Phila.*, 306 Pa. 216, 159 A. 29; *Goodall v. Hess*, 315 Pa. 289, 172 A. 693, and in other cases, which is now mandatory under R. C. P. 2262. This case demonstrates the wisdom of the practice and the rule. The questions submitted were:

1. "Was John Brown guilty of negligence which caused or contributed to the accident?" The answer was "No."

2. "Was Samuel E. Rosner guilty of negligence which caused or contributed to the accident?" The answer was "Yes."

3. "Was Joseph Freedman guilty of contributory negligence as a passenger?" The answer was "No."

4. "Was Marion Freedman guilty of contributory negligence as a passenger?" The answer was "No."

5. "Was John Brown, at the time of the accident upon the business of his employer, Samuel A. Dalton?" The answer was "No."

This appeal by Samuel A. Rosner, against whom the jury found a verdict in favor of Joseph Freedman for $972.50, and in favor of Marion B. Freedman for $3,000., raises a novel question.

It is contended by appellant's attorney that a limited new trial should be granted to redetermine the question whether Rosner is entitled to recover contribution from Brown, on the proposition that it was the latter's neg-

ligence *as a matter of law* which caused plaintiff's injuries. It is argued that such a new trial should be granted, without in any way disturbing the verdict already rendered and the judgment thereon, but solely to determine responsibility as between Rosner and Brown. In advancing this argument, appellant's able advocate who presented the case to us says in substance that Rosner approached the intersection from Brown's right, that the former was first in the intersection, and that the collision was caused by Brown's lack of care in the matter of speed and observation. Quoting from the language of appellant's brief, in which his position is stated, it is said: "The only endeavor of the appellant is to place himself in a position where he can assert and enforce his right of contributionship against John Brown as a joint tort feasor. . . . The only conceivable remedy that would protect both the plaintiff's right to retain their verdict and the appellant's right to claim contributionship from the other additional defendant is a limited new trial, in which the jury would be restricted to consideration of the single issue of whether John Brown was jointly liable with Samuel E. Rosner to Mr. and Mrs. Freedman." To sustain the position assumed *Vinnacombe v. Phila.*, 297 Pa. 564, 147 A. 826; *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 153 A. 422; *Goldman v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 A. 231, and *Maio v. Fahs*, 339 Pa. 180, 14 A. 2d 105, are relied on, together with cases from other jurisdictions. Whatever such right to a new trial might be, under certain circumstances, in the interest of justice, where the facts warranted it and the finding of a jury was perverse, we are of opinion that the suit before us does not warrant such a course.

We think the learned trial judge fairly and correctly summed up the facts presented in his opinion disposing of appellant's motion for a new trial, in which he said: "This leaves for discussion, the sole question whether the jury so abused its discretion in finding John Brown innocent of negligence, as to require us to set this finding

aside. . . . The jury could have found from the evidence, that Brown was driving Dalton's station wagon toward Philadelphia over Germantown Turnpike, a three lane concrete road. He was driving on his right hand lane, and approached the intersection of Joshua Road at a speed of from thirty-five to forty miles per hour. . . . When thirty feet from the intersection, the Rosner car came out of Joshua Road, and crossed in front of him. He applied his brakes and swerved his car, but was unable to avoid the collision. Joshua Road, in the words of Dr. Rosner 'is more or less, of a small highway, it is not a main highway.' The view of both drivers was obstructed by bushes and buildings. . . . It is contended that under Section 1013 of the Motor Vehicle Code, 75 PS 572, that Dr. Rosner had the right of way. The trial judge in his charge called the attention of the jury to this provision of the Code. The section cited, however, provides that a vehicle traveling at an unlawful speed, shall forfeit any right of way which it might otherwise have under the section. Unlawful speed means, inter alia, unreasonable or improper speed under the circumstances. (See paragraph A of Section 1002 of the Vehicle Code, 75 PS 501.) The jury might well have found that the Rosner car was proceeding at an unlawful rate of speed across the intersection and hence forfeited its right of way." The court concluded that the finding of the jury that Brown was free of negligence was not so greatly against the weight of the evidence that it should be set aside.

A careful reading of all the testimony does not lead us to the irresistible conclusion that Brown's negligence should be declared as a matter of law: *Christ v. Hill Metal & Roofing Co.,* 314 Pa. 375, 380, 171 A. 607. The case was one for the jury and appellant has had his day in court. We think there was no abuse of discretion in refusing a new trial.

Judgment affirmed.