## Fitzpatrick, Admrx., *v.* Sheppard (et al., Appellant).

Argued November 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John Paul Erwin,* for appellant.

*Herbert Welty* and *Henry S. Ambler,* with them *Thaddeus M. Daly, Jr.,* for appellee.

OPINION BY MR. JUSTICE PARKER, January 4, 1943:

This action in trespass was brought by Mary E. Fitzpatrick against Martha L. Sheppard and Dr. Robert P.

McCombs. Shortly after suit was begun Mary E. Fitzpatrick died and her administratrix was substituted as plaintiff. When the case was tried the jury found a verdict against Martha Sheppard and a verdict for the defendant Dr. McCombs. Plaintiff and defendant Martha L. Sheppard filed motions for a new trial. A new trial was granted as to each defendant and Dr. McCombs has appealed from the granting of a new trial as to him.

At the threshold we are presented with the question as to whether the circumstances are such that an appeal lies. More particularly did the court below in its opinion show "that it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case" and did the reasons given involve the consideration of oral evidence? See *Class & Nachod Brew. Co. v. Giacobello,* 277 Pa. 530, 121 A. 333.

The plaintiff was standing on the sidewalk at a street corner when automobiles driven by the defendants, approaching the intersection at right angles to each other, collided and the car of Dr. McCombs was pushed over the curb by the impact where it struck the plaintiff inflicting serious injuries on her from which she died.

While the sole reason given for granting a new trial was the inadequacy of the verdict, that of itself would not have been sufficient to warrant a review by this court: *Class & Nachod Brew. Co. v. Giacobello,* supra; *Girard Tr. Co. v. George V. Cresson Co.,* 333 Pa. 418, 422, 5 A. 2d 221. But the court below in its opinion granting the new trial, after showing that the verdict was "shockingly inadequate", stated: "If it were possible to have a retrial solely of the question of what is a proper sum to compensate for the pain and suffering of the original plaintiff, permitting the general verdict against defendant Sheppard, and the award of damages for expenses and loss of life, to stand, then it would of course be quite proper to leave defendant McCombs out of the picture entirely."

We understand that to be a clear statement that except for the one reason assigned a new trial would not have been granted as to the doctor. It is also apparent that the granting of a new trial as to Dr. McCombs did not involve the consideration of any oral or other evidence. This is one of a class of cases where an appeal will lie from an order of the court below granting a new trial.

Did the court exceed its legal powers in granting the new trial as to Dr. McCombs? We think it did. The plaintiff's position is clear. If she is required to proceed against Sheppard alone she fears that another jury might conclude that the doctor was at fault and Sheppard was not. That, however, is not a legal reason for requiring Dr. McCombs to stand trial again when he has been exonerated by a jury after trial without error.

The sole reason for granting a new trial had to do with the issue between plaintiff and Sheppard. We must assume, and the appellees have not suggested anything to the contrary, that the issue between plaintiff and the doctor was tried without error. The consequences of the circumstance that the jury examined the conduct of both defendants in one trial and in doing so erred only in assessing damages as to Sheppard cannot be visited on the doctor. He has a verdict after a fair trial and cannot be deprived of it.

As forcibly expressed by Mr. Justice SIMPSON in *Cleveland W. Mills Co. v. Myers-Jolesch Co.*, 266 Pa. 309, 311, 109 A. 662: "If the question or questions decided do not depend on oral evidence, are conclusive of the whole case, and nothing is left but to enter the judgment which their determination requires, we may well reverse an erroneous order granting a new trial; because, in that event, a retrial would be an injustice, antagonistic to the constitutional provision entitling suitors to 'justice . . . without sale, denial or delay'."

It is well settled that a new trial may be granted as to defendant Sheppard and refused as to Dr. McCombs:

*Bailey v. C. Lewis Lavine, Inc.,* 302 Pa. 273, 278, 153 A. 422; *Barker v. Barrett,* 145 Pa. Superior Ct. 22, 20 A. 2d 812.

The order of the court below granting a new trial as to the defendant Dr. Robert P. McCombs is reversed and it is directed that judgment be entered in his favor on payment of the jury fee; and the order of the court below granting a new trial as to defendant Martha L. Sheppard is affirmed.