Trerotola *v.* Philadelphia et al., Appellants.

Argued December 1, 1942.  Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*James Francis Ryan,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Ernest Lowengrund,* Acting City Solicitor, for appellant, Nos. 249 and 250.

*Michael A. Foley,* with him *Ernest R. von Starck, Arthur Littleton* and *Morgan, Lewis & Bockius,* for appellant, No. 64.

*James F. Masterson,* for appellee.

Opinion by Mr. Justice Maxey,* January 4, 1943:

This is an appeal on the part of (1) the Philadelphia Gas Works Company from the refusal of the court below to grant it a new trial in a suit brought by Carmino Trerotola, individually and as guardian of Rocco Trerotola against the City of Philadelphia and The Philadelphia Gas Company, jointly for physical injuries and property damage suffered by the first named plaintiff and for physical injuries suffered by the last named plaintiff as a result of an explosion of illuminating gas in Greenwich Street, Philadelphia, on February 11, 1941.

Prior to the trial it was agreed by counsel for all parties in interest that the issue would be limited to the damages suffered by Carmino Trerotola in his own right, and that the injuries suffered by Rocco Trerotola would not be presented to the court at the trial.

The jury returned a verdict in favor of the plaintiff and against The Gas Company in the sum of $65,000, and in favor of the City of Philadelphia. On February 24, 1942, the defendant City of Philadelphia entered judgment in its favor against the plaintiff on the verdict on February 10, 1942. Thereafter, on April 6, 1942, the defendant Gas Company obtained a rule to show cause against the defendant City why the said judgment should not be stricken off, and on April 9, 1942, the plaintiff obtained a rule against the defendant City to show cause why the plaintiff should not file a motion for a new trial *nunc pro tunc* against the defendant City and, further, to show cause why the said judgment should not be stricken off.

Both of the foregoing rules to show cause were made absolute by the court below on July 14, 1942, and at the same time the court denied the defendant Gas Company's motion for a new trial upon plaintiff's filing a remittitur of all the verdict in excess of $40,000. In

---

* Mr. Justice Maxey became Chief Justice on January 4, 1943, after this opinion was filed.

addition, the court ordered, on its own motion, a new trial as to the defendant City of Philadelphia.

On August 27, 1942, the plaintiff filed its remittitur of all the verdict in excess of $40,000., and caused judgment to be entered on the verdict, as thus remitted, on October 22, 1942.

In addition to appeal (1), supra, the defendant City of Philadelphia has appealed from the granting of the new trial and from the striking off of its judgment.

In its opinion sur motion to strike off the judgment in favor of the City and for a new trial in respect to the City, the court below said: "This was done because of the opinion of the trial Judge, in which the other Judges of the court concurred, that there was ample evidence in the case to show that the water pipes had been negligently maintained by the City, causing leaks and consequent cavities about the water main and the gas main, so that if the action was at all maintainable the verdict rendered in favor of the City and charging the other defendant solely, was against the clear weight of the evidence. The defendants having been sued jointly, neither defendant could take any action which would prejudice the rights of the other; and while the motion for new trial filed by the Gas Works was pending and under consideration by the Court, it was not proper for the other defendant, the City of Philadelphia, to enter the judgment on the verdict in its favor. In this case the plaintiff charged the defendants jointly. At the trial each defendant contended that the other was liable. The issue was one not only between the plaintiff and the defendants but also as between the defendants, so that if both were held liable the right of contribution could be enforced."

The facts in this case, in respect to the explosion and its causes, are identical with those in the case of *Ruhl, Admrx. v. Philadelphia et al.*, 346 Pa. 214, decided contemporaneously with this case, and there is no need to restate them here. There was in the instant case

the same history of cave-ins, water main breaks, and wash-outs, as well as of the odor of escaping gas, as appears in that case. There is no complaint as to the amount of the verdict, as reduced by the court to $40,000. There is complaint about the admission of testimony of an experiment concerning the diffusion of gas through soil and concerning an experiment to determine the relative breaking points of two pieces of pipe, because in one case there was some difference in the porosity of the soil used in the experiment and the soil through which percolated the gas which caused this explosion and in the other case "the materials and forces used" were different from those involved in this case. We find in this phase of the case no abuse of discretion on the part of the trial Judge, and no substantial error anywhere in the trial. There is no reason why the verdict against the Gas Company, as reduced by the court below, should be disturbed.

We find no error in the granting by the court below of a new trial against the City of Philadelphia because, in the court's opinion, the verdict in favor of the city, "and charging the other defendant solely was against the clear weight of the evidence". In the absence of a manifest abuse of discretion in granting a new trial, the action of a court in doing so on its own motion will not be reviewed: *Brown et vir v. George et al.*, 344 Pa. 399, 25 A. 2d, 691. See also *Kline v. Thornton*, 331 Pa. 71, 200 A. 2d, 88.

We do not agree with the Gas Company that because the court ordered a new trial as against the City, (which had been *ex*culpated by the jury's verdict) a new trial should be ordered for it, the Gas Company, (which had been *in*culpated by the jury's verdict). The Gas Company contends that "an obvious injustice might be done" unless a new trial should be granted *both* defendants. We think an obvious injustice would be done to this plaintiff if he should not be permitted to hold the verdict he won in a fair trial, against the Gas Company. Having

secured a verdict against *one* of two alleged tort-feasors, the plaintiff should not be denied of his judgment because the court believes that the verdict should have been rendered against *both* of the alleged tort-feasors.

The Act of June 24, 1939, P. L. 1075, section 1, (12 PS 2081), provides that "contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." In *Bailey v. C. Lewis Lavine, Inc.,* 302 Pa. 273, 277, 153 A. 422, this court said: "Where the cause of action is joint and several, a trial court may enter judgment on a joint verdict against one defendant and grant a new trial as to the other. . . . It is not easy to perceive . . . whether the plaintiff should be compelled to lose her judgment against a portion [of the defendants] because it appears that the others are entitled to a new trial."

In *Goldman et al. v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231, this court held that where a judgment is recovered against one of two parties guilty of joint negligence, such party, on paying the judgment, has a right to have the judgment marked to his use, so as to enforce contribution from the other party guilty of the joint wrong. As to the right of indemnity or contribution by one of two tort-feasors who has paid all or part of the claim of the injured person, see Restatement of Restitution, sections 82, 86.

Plaintiff is entitled to hold and collect his judgment against the Philadelphia Gas Works Company, but he is entitled, of course, to only one recovery. If the Philadelphia Gas Works Company pays the judgment recovered by the plaintiff against it, it has the right to have the judgment so paid marked to its use so as to enforce contribution from the City of Philadelphia by establishing in an appropriate proceeding that the latter is, with the Gas Company, guilty of a joint wrong against the plaintiff.

The judgment of the court below in refusing a new trial to the Philadelphia Gas Works Company is af-

firmed. The judgment of the court below in striking off the judgment in favor of the City of Philadelphia and granting a new trial of the action against the City, is affirmed.