Frank *v.* W. S. Losier & Co., Inc.
(et al., Appellant).

Argued January 4, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edwin D. Strite*, with him *Edwin D. Strite, Jr.*, for Ira F. Foust, appellant.

*A. J. White Hutton* with him *Fred K. Frank*, for appellee.

*Daniel W. Long*, with him *Wingerd & Long*, for W. S. Losier & Co., Inc., et al., appellees.

OPINION BY MR. JUSTICE HORACE STERN, March 21, 1949:

Plaintiff was the innocent victim of an accident caused by the collision of two automobiles, one of which was being driven by defendant Foust north on Main Street and the other by defendant Garnes west on Washington Street in the Borough of Chambersburg. The Foust car struck the left rear of the Garnes car, causing it to swing around and into the northwest corner of the intersection where plaintiff happened to be standing on or near the sidewalk preparatory to crossing Washington Street. He was severely injured and brought suit for damages against Foust, Garnes and W. S. Losier & Co., Inc., by which corporation Garnes was employed. The jury rendered a verdict in the sum of $5631.50 against all three defendants. Foust presented a motion for judgment n. o. v. but did not press it; Garnes and the Losier Company filed a motion for judgment n. o. v. and also a motion for a new trial. The court refused all the motions for judgment n. o. v.,

granted a new trial to Garnes and the Losier Company, and directed that judgment be entered on the verdict against Foust.

Foust now appeals on the sole ground that a new trial should not have been granted to his co-defendants. That he has the right to take such an appeal is undoubted,—in order, if he succeeds therein, to make the other defendants share his liability to plaintiff: *Schwartz v. Jaffe*, 324 Pa. 324, 188 A. 295; *Ashworth v. Hannum*, 347 Pa. 393, 32 A. 2d 407; *Hair, Administratrix, v. Ference*, 352 Pa. 164, 42 A. 2d 535. He does not complain of the entry of judgment against himself, nor could he well do so in view of the abundance of testimony to the effect that when his car entered the intersection the traffic light was red for travel on Main Street and nevertheless, without stopping or even seeing the Garnes car until it was in the middle of the intersection, he went on across at a speed of 25 miles an hour and struck the Garnes car with tremendous force. Indeed his own testimony convicted him of negligence.

The court below was of opinion that it should have granted Garnes and the Losier Company a nonsuit at the conclusion of plaintiff's case because up to that time no negligence in the operation of their car had been shown and it was only testimony subsequently presented by Foust and the witnesses on his behalf that justified the submission to the jury of the question of the liability of his co-defendants. The court did not commit error, however, in refusing such a nonsuit since the proper practice, before entering a nonsuit or directing a verdict in favor of one of two or more defendants, is to allow the other defendants to present their testimony on the question of the liability of each and all of them: *Shapiro v. Philadelphia*, 306 Pa. 216, 159 A. 29; *Parker v. Philadelphia Rapid Transit Co.*, 308 Pa. 209, 162 A. 664. It is true that Pa. R. C. P. 2232 (d) provides that when a plaintiff joins two or more defendants and the evidence

does not justify a recovery against all the court shall enter a nonsuit or direct a verdict in favor of any defendant not shown to be liable either jointly, severally or separately. But this was merely intended, in accordance with the Act of June 29, 1923, P. L. 981, to abrogate the strict common-law rule that where a joint liability of defendants was pleaded the plaintiff was obliged to recover against all or none; it certainly was not intended to deprive a defendant of the right to present testimony before a co-defendant should be relieved from liability by a nonsuit or a directed verdict in his favor.

The court did not assign its refusal to grant a nonsuit as to Garnes and the Losier Company as its only reason for awarding those defendants a new trial.[1] On the contrary, it gave another and better reason; it said that the verdict against them was contrary to the weight of the evidence and justice required that they be granted a new trial. The granting of a new trial is an inherent power and immemorial right of the trial court and an appellate court will not find fault with the exercise of such authority in the absence of a clear abuse of discretion: *Reist v. Wogan*, 281 Pa. 107, 126 A. 249; *Lombardo v. Barilla*, 302 Pa. 460, 153 A. 725; *Frank v. Bayuk*, 322 Pa. 282, 185 A. 705; *Kline v. Moyer*, 333 Pa. 486, 3 A. 2d 920; *Gerber v. Jones*, 151 Pa. Superior Ct. 489, 30 A. 2d 534; *Bunn v. Furstein*, 153 Pa. Superior Ct. 637, 34 A. 2d 924.[2] One of the least assailable grounds for the exercise of such power is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore

---

[1] As to this requirement see *Lawrence v. Gillespie*, 300 Pa. 584, 151 A. 343; *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 277, 153 A. 422, 423; *Trimble v. Mennel Milling Co.*, 313 Pa. 188, 169 A. 84; *Phillips v. American Stores Co.*, 342 Pa. 33, 20 A. 2d 190.

[2] The trial court may grant a new trial even on its own motion: *Brown v. George*, 344 Pa. 399, 25 A. 2d 691; *Trerotola v. Philadelphia*, 346 Pa. 222, 29 A. 2d 788; *Bergen v. Lit Brothers*, 354 Pa. 535, 47 A. 2d 671.

require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere: *Wilson v. Kallenbach*, 332 Pa. 253, 2 A. 2d 727; *Hess v. Stiner*, 144 Pa. Superior Ct. 249, 19 A. 2d 560. Here no abuse of discretion appears, for the testimony given by Foust and the occupants of his car was quite unconvincing in its attempt to prove that it was Garnes who entered the intersection in the face of a red light against him; the testimony presented by other witnesses, apparently more credible, indicated that the contrary was the fact, and although Garnes' motion for judgment n. o. v. was properly refused there was sufficient doubt as to the factual strength of the case against him to justify the awarding of a new trial as to him and the Losier Company.

It is suggested that in granting the new trial for the benefit of those defendants the court should have awarded one also as to Foust for the reason that, although his liability in whole or in part for the happening of the accident was clearly established, he would be enabled thereby to present testimony showing liability also on the part of Garnes and the Losier Company. No doubt the court would have had the power to do this: cf. *Biehl, Administrator, v. Rafferty*, 349 Pa. 493, 37 A. 2d 729; *Nebel v. Burrelli*, 352 Pa. 70, 41 A. 2d 873; *Bergen v. Lit Brothers*, 354 Pa. 535, 47 A. 2d 671. But ordinarily a plaintiff should not be compelled to lose his judgment against one defendant because other defendants may be entitled to a new trial or because the court is of opinion that the verdict should also have been against a co-defendant who was exculpated by the jury: *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 153 A. 422; *Trerotola v. Philadelphia*, 346 Pa. 222, 29 A. 2d 788; *Fitzpatrick v. Sheppard*, 346 Pa. 240, 29 A. 2d 475; *Felo v. Kroger Grocery & Baking Co.*, 347 Pa. 142, 31 A. 2d 552; *Jones v. Williams*, 358 Pa. 559, 58 A. 2d 57; *Barker v. Barrett*, 145 Pa. Superior Ct. 22,

20 A. 2d 812; cf. *Freedman v. Dalton*, 344 Pa. 212, 25 A. 2d 175. Foust is not being foreclosed from attempting to establish his right of contribution by showing, whether in the new trial or in further proceedings, that the other defendants also were partly responsible for the happening of the accident: see *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 278, 153 A. 422, 423; *Trerotola v. Philadelphia*, 346 Pa. 222, 227, 29 A. 2d 788, 790.

It may be added that in the new trial granted to Garnes and the Losier Company the only issue which should be submitted to the jury is the question of the liability of those defendants, in conjunction with that of Foust, for the happening of the accident. Since the amount of damages to which plaintiff is entitled has already been determined and no complaint in regard thereto has been made by any of the parties it would obviously be improper for another jury to assess a different amount as to Garnes and the Losier Company, if a verdict be returned against them, than that rendered against Foust in the trial which has given rise to the present appeal.

Judgment affirmed.