John **TROMZA**, Plaintiff,

v.

**TECUMSEH PRODUCTS COMPANY,** a corporation, and Marquette Corporation, a corporation, Defendants.

Civ. A. No. 64–287.

United States District Court
W. D. Pennsylvania.

April 18, 1966.

Donald Laird Hankey, New Kensington, Pa., for plaintiff.

William Weiler, Pittsburgh, Pa., for defendant Marquette Corp.

Kim Darragh, Pittsburgh, Pa., for defendant Tecumseh Products Co.

DUMBAULD, District Judge.

Plaintiff, a refrigerator repairman, was injured when a refrigerator upon which he was working exploded. The name-plate on the refrigerator showed that the manufacturer was defendant Marquette, and listed the factory test pressure as 195 pounds. Plaintiff's testimony was that according to his gauge the pressure at the time he was working was 170 pounds. The refrigerator was assembled by Marquette, but the particular part which exploded was the compressor, which had been manufactured by defendant Tecumseh and supplied to Marquette. There was testimony from which the jury might have found that the compressor was held together by a defective weld. A witness called by defendant Tecumseh in the course of its defense (James R. Elliott) testified that it was the usual practice in the industry for the assembler connecting the compressor to the rest of the refrigeration system to subject the whole system to pressure test of 235 to 250 pounds (Tr. 168–69).

The Court charged the jury that the only negligence alleged against defendant Marquette was failure to make a proper test or inspection at the time of assembly; whereas defendant Tecumseh was charged with a two-pronged negligence, both in the welding process and in failure to find the defect by a proper inspection (Tr. 197–98). The jury returned a verdict against both defendants.

The Court remains of opinion that the evidence and the jury's verdict, on the two-fold grounds above stated, clearly support plaintiff's verdict against defendant Tecumseh. The Court also believes that the evidence and verdict support plaintiff's recovery against defendant Marquette, unless that defendant is entitled to prevail on the ground that the evidence implicating it was submitted during presentation of the case of defendant Tecumseh, and after the close of plaintiff's case. However, we believe that it would be a technicality subversive of justice to deprive plaintiff of its verdict against Marquette upon such a ground. The proper practice, under Pennsylvania law, is to allow the other defendants to present their testimony on the question of the liability of each and all of them before the Court enters a non-suit or directs a verdict in favor of one particular defendant. Frank v. W. S. Losier & Co., 361 Pa. 272, 275, 64 A.2d 829 (1949). See also Bates v. Miller, 133 F.2d 645, 647–648 (C.C.A.2, 1943). It will be remembered that in this case both Tecumseh and Marquette are original defendants. Marquette is not a third-party defendant.

The real battle in his case is over Marquette's cross-claim for indemnity against Tecumseh, on the ground that Marquette's liability is secondary, whereas that of Tecumseh is claimed to be primary. We are not convinced that this claim is well founded.

Since the identical negligence (failure to make proper inspection) was charged against each defendant, in the light of the jury's verdict the defendants must be found to be joint or concurrent tort-feasors rather than as occupying a relationship of primary and secondary liability. There was no legal relationship between them, such as master and servant, which is ordinarily the basis for distinction of primary and secondary liability. Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 61–62, 171 A.2d 185 (1961); Builders Supply Co. v. McCabe, 366 Pa. 322, 325–328, 77 A.2d 368, 24 A.L.R.2d 319 (1951).

Accordingly, judgment is entered on the verdict for plaintiff against both defendants, and for defendant Tecumseh on defendant's Marquette's cross-claim against Tecumseh.